OPINION OF THE COURT
Gerard E. Delaney, J.
This is an action by plaintiff for counsel fees and disbursements in the amount of up to $4,573.65 allegedly incurred during its representation of defendant in a matrimonial action. During the course of such proceedings, defendant signed *549 a prepared "statement of net worth,” (see Domestic Relations Law, § 250) in which defendant stated under the heading "Liabilities”: "A. Accounts Payable — Doctors and Lawyers fees —$5,850.00.”
The lawyer’s fees were defined by defendant in his answer to interrogatories to be in the amount of $5,455.05, which is more than the amount demanded herein.
Defendant has now counterclaimed in the amount of $2,955.05 for certain services which he claims were not performed by plaintiff. Plaintiff has moved for summary judgment, terming such prior statements "admissions” so as to leave no question of fact. Defendant claims that statements made in the matrimonial forms were not admissions, that such accounts were not "valid or due” but only that they were claimed against him so as to be "liabilities” for purposes of the statement.
A "legal liability” is one which courts recognize and enforce as between the parties in litigation. (Cf. Brooklyn Clothing Corp. v Fidelity-Phenix Fire Ins. Co., 205 App Div 743.) It would appear that while defendant stated in the matrimonial action his "liability” to plaintiff, it remains for an independent adjudication to determine the extent of that "liability.”
It is well settled that a party is bound by the admissions in his pleadings in matrimonial actions as well as other actions. (Doeme v Doeme, 96 App Div 284.) The "statement of net worth” under section 250 of the Domestic Relations Law is not one of the "disclosure devices” as defined in CPLR 3102 (subd [a]) (Grant v Grant, 84 Misc 2d 577; cf. Garrel v Garrel, 59 AD2d 885), but rather section 250 permits such other disclosure without the necessity of showing special circumstances. Plaintiff in this case proceeded with interrogatories which asked defendant to only, inter alia, set forth the copies of the bills included in the accounts payable, the nature and dates of the services rendered. Defendant stated $2,500 of the bills rendered by plaintiff was paid for retainer fees and that he also paid $455.05 of the remaining plaintiff billing of $5,455. Defendant has not in this case admitted the legal owing of such debt, only that it has been demanded of him.
Plaintiff urges estoppel for defendant to now deny the legality of the debt when he had previously accepted its benefits (i.e., by lowering his net worth which would have been a consideration in the amount of support or alimony awarded in the matrimonial action). "A party may be estop *550 ped to insist upon a claim, assert an objection, or take any other position which is inconsistent with an admission which he has previously made and in reliance upon which the other party has changed his position” (21 NY Jur, Estoppel, § 38; emphasis added). "[a]n admission, however, does not operate as an estoppel beyond its actual extent or the reasonable inferences therefrom.” (21 NY Jur, Estoppel, § 38; emphasis added.) "The rule against inconsistent positions (in litigation) applies to positions assumed in the course of the same action or proceeding * * * and * * * in separate actions or proceedings involving the same parties and questions ” (21 NY Jur, Estoppel, § 55; emphasis added.)
It cannot be said that plaintiff law firm in this action relied upon the statement defendant made in his statement of net worth so as to change its position in any way. Such reliance would have been on the part of defendant’s spouse in the matrimonial action. Defendant’s statement of the "liability” of the legal bills submitted by plaintiff on his statement of net worth served to reduce his net worth and assumably was taken into account in the determination of support or alimony, if any, later granted to defendant’s spouse. If the amount of such legal bills are later reduced either by compromise or court action, the spouse may well have a right to seek modification of the original order of the court. (See Domestic Relations Law, §§ 236, 240.)
In sum, this court does not find such statement as made by defendant of his "liability” for attorney’s fees on the matrimonial "statement of net worth” to be of the type "admission” that would warrant the granting of a summary judgment, in this case, where the value and degree of such services have been questioned.
The motion for summary judgment is denied.