OPINION OF THE COURT
Robert S. Rose, J.
In this action to foreclose a mechanic’s lien, plaintiff moves for an order permitting him to file nunc pro tune the affidavit of service of the notice of mechanic’s lien required by sections 11 and 11-b of the Lien Law. Plaintiff filed the notice of his lien against property owned by defendant on December 16, 1988, served the notice upon defendant on December 17, 1988, but then failed to file proof of that service within the 35 days required by the Lien Law. Plaintiff argues that the failure to timely file such proof is a procedural irregularity that should be excused pursuant to CPLR 2001 and 2004 because the *260 notice was timely served and because no party will be prejudiced by granting him leave to file nunc pro tune. Defendant cross-moves for partial summary judgment dismissing plaintiff’s first cause of action to foreclose the alleged mechanic’s lien and discharging the lien on the grounds that plaintiff’s failure to file proof of service rendered the notice of lien a nullity.
These motions present an apparent case of first impression concerning whether the failure to file proof of service of a notice of lien within the 35 days prescribed by sections 11 and 11-b of the Lien Law may be excused because it is a mere irregularity rather than a substantive defect. In support of his motion, plaintiff asserts that his failure to file proof of service was the inadvertent result of his attorney’s ignorance of the "new” filing requirement of sections 11 and 11-b. Plaintiff cites other statutes which require filing of proofs of service within specified periods of time and for which failures to timely file have been excused. Plaintiff argues, inter alla, that no one will be prejudiced by a late filing, that the purpose of the statute was served here by prompt service of the notice, and that untimely filing is a procedural irregularity which the court is authorized to correct or excuse under CPLR 2001 and 2004.
In pertinent part, sections 11 and 11-b of the Lien Law state: "Failure to file proof of such a service with the county clerk within thirty-five days after the notice of lien is filed shall terminate the notice as a lien.” This provision, and a requirement that the notice of lien be served upon the owner or contracting party within 30 days of filing, were added to the statutes by Laws of 1988 (ch 105), with an effective date of June 3, 1988. Previously, service of the notice was not required and the failure to serve the lien or to file proof of service did not affect the validity of the lien (see, Owens v Ebner, 74 NYS2d 169).
Although the court recognizes that untimely filings of proofs of service under other statutes have been corrected nunc pro tune (see, e.g., Haegeland v Massa, 75 AD2d 864), the statutes cited by plaintiff are purely procedural "service of process” provisions that specify no substantive consequence for an untimely filing of proof of service (see, CPLR 308; Business Corporation Law § 307; Vehicle and Traffic Law § 253). Sections 11 and 11-b of the Lien Law, however, indicate that the failure to file terminates the lien. Thus, this filing provision should be compared with the provision in section 17 of the *261 Lien Law that a mechanic’s lien terminates after one year unless an application to continue the lien is made prior to the expiration of the one-year period. It has been held that this provision is self-executing and that a party need not apply for an order discharging the lien (Modular Steel Sys. v Avlis Contr. Corp., 89 AD2d 891). It has also been held that the failure to apply for the continuation of the lien within the one-year period cannot be cured by a later order issued nunc pro tune (Contelmo’s Sand & Gravel v J & J Milano, Inc., 96 AD2d 1090; Hanson Heating & Plumbing v Stout, 88 Misc 2d 241). The extension of these holdings to sections 11 and 11-b is amply warranted by the language of those statutes.
While it is apparent that the purpose of the 1988 amendment was to assure that the notice of lien is promptly served, the clear language of the statute indicates that this requirement was to be enforced by having the lien expire unless proof of service was filed within 35 days. Since the statutory language is clear and unambiguous, there is no need for statutory construction. While section 23 of the Lien Law provides for liberal construction of that law’s provisions, it does not authorize the court to ignore the plain meaning and clear effect of those provisions (see, Blackman-Shapiro Co. v Salzberg, 8 Misc 2d 972). Also, the court’s power to correct a defect in the filing of a lien nunc pro tune presupposes the existence of a valid lien (Matter of Long Beach Terrace v Mallis Wood Prods., 41 Misc 2d 915).
Here, the plain meaning and clear effect of the statutes is that a mechanic’s lien expires 35 days after filing of the notice of lien unless proof of service has been filed. Thus, plaintiff is, in reality, asking the court to excuse a default which terminated his lien. To grant such relief would be similar to continuing or reviving a lien which has expired after one year. In both cases the lien expires by operation of law, and the court has been unable to find any authority that would authorize its resurrection. While plaintiff finds such authority in CPLR 2001 and 2004, it is clear that those sections are not applicable here. CPLR 2001 provides the authority to correct irregularities and defects in pleadings and other aspects of an action. Here, the filing requirement was not a requirement for prosecution or defense of an action, and the time to file expired long before this action was commenced in May of 1989. CPLR 2004 authorizes the extension of the time period fixed by "any statute”, but it is of no avail here because plaintiff seeks the revival of an expired lien rather than *262 merely an extension of the time. Since the courts lack the authority to grant such relief, plaintiff’s motion must be denied.
However, even if the court had the power to excuse plaintiff’s default in filing, such discretion could be exercised only if a reasonable excuse for the default were shown. Here, plaintiff’s excuse is based upon his attorney’s ignorance of the statutory provision. Although plaintiff’s attorney characterizes the amendment adding the filing requirement as "new”, it had been in effect for more than six months when plaintiff filed his lien. Since ignorance of a statutory requirement is generally not a reasonable excuse (see, e.g., Matter of Andrews v Village of Sherburne, 140 AD2d 790, 791), plaintiff’s motion would have to be denied on that ground as well. The court notes that this result does not unduly prejudice plaintiff in this action because the termination of the mechanic’s lien will not affect plaintiff’s recovery on his underlying contract claim (see, Contelmo’s Sand & Gravel v J & J Milano, Inc., supra, at 1091).
Accordingly, plaintiff’s motion is denied and plaintiff’s cross motion for partial summary judgment is granted. No costs are awarded. Submit order within 60 days of the date of this decision pursuant to section 202.48 of the Uniform Rules for Trial Courts (22 NYCRR).