## In re BEAUTI–FULL SIZE BOUTIQUE, INC., Debtor.

### Bankruptcy No. 90 B 20018.

United States Bankruptcy Court, S.D. New York.

Feb. 16, 1990.

Robinson, Brog, Leinwand, Reich, Genovese & Gluck, P.C., New York City (Robert R. Leinwand, of counsel), for debtor.

Sidney Turner, P.C., White Plains, N.Y. (Sidney Turner, of counsel), for movant, Olim Realty Corp.

## DECISION ON MOTION TO LIFT AND/OR MODIFY AUTOMATIC STAY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Movant in this proceeding, Olim Realty Corporation (hereinafter referred to as "Olim"), seeks relief from the automatic stay so that it may perfect its security interest in certain assets and property of the Debtor, Beauti–Full Size Boutique, Inc. (hereinafter referred to as the "Debtor") which were to serve as collateral for the

Debtor's performance of obligations pursuant to an alleged lease dated November 15, 1980 and an extension agreement dated December 16, 1985 (hereinafter referred to as the "Lease"). Further, Movant seeks an accounting and return of certain property which was removed from the premises and relief from the stay in order to foreclose upon the property and assets of the Debtor upon which Olim claims a security interest.

## FINDINGS OF FACT

1. On January 10, 1990, the Debtor filed with this court a petition for relief under Chapter 11 of the United States Bankruptcy Code and has continued to operate the business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2. Debtor, Beauti–Full Size Boutique, is engaged in the retail sales of larger size women's clothing.

3. Movant, Olim Realty Corporation, was the landlord of the Debtor pursuant to a lease as to property located at 1088 Central Avenue, Scarsdale, New York dated November 15, 1980, and an extension agreement dated December 16, 1985.

4. A hearing was held before this court on January 30, 1990 on Debtor's motion for authority to reject the Lease pursuant to 11 U.S.C. § 365(a) of the United States Bankruptcy Code and an order was entered, by this court, on February 8, 1990 authorizing rejection of the Lease.

5. All of the Debtor's inventory from the 1088 Central Avenue, Scarsdale, New York location has been consolidated with the Debtor's inventory from its other two locations.

6. Olim has failed to place into evidence the Lease which forms the evidentiary basis for this proceeding. Thus, there is no evidence of the existence of any security interest of Olim in any property of the Debtor.

7. Olim has not established cause for relief from the automatic stay in accordance with 11 U.S.C. § 362 because it has failed to prove that it has a security interest in any property of the Debtor.

8. Because Olim has failed to establish a security interest in property of the Debtor, it cannot utilize the provisions of 11 U.S.C. § 546 since that section of the United States Bankruptcy Code permits post-petition perfection of liens in certain cases.

## DISCUSSION

■ Prior to a discussion of the merits in this action, it is necessary for this court to address an evidentiary issue. The language which forms the evidentiary basis for Olim's cause of action in this proceeding is contained in a Lease agreement entered into between the parties initially on November 15, 1980 and extended by agreement on December 16, 1985. At the hearing on this motion, neither party introduced the Lease into evidence. As a result, the court does not have before it the document which forms the very essence of Olim's cause of action since Olim is alleging a security interest in certain assets and property granted by the language of the Lease. Further, Olim questioned the accuracy and authenticity of one copy of the alleged Lease which was attached to Debtor's motion for authority to reject the lease dated January 10, 1990 (See page 1, ¶ 2, of Olim's Memorandum in Support of Application filed February 13, 1990). As a result, Olim has failed to bring before this court any evidence which would establish that any security interest, perfected or unperfected, exists with respect to any property of the Debtor. Because Olim has failed to establish its status as a secured creditor, it cannot be granted any relief from the automatic stay pursuant to 11 U.S.C. § 362(d) since such relief would necessarily involve a finding that Olim is a secured creditor. Olim is listed as an unsecured creditor in the schedules of the debtor and it has failed to establish its claims as anything but a general unsecured claim as to pre-petition rent and an administrative expense priority claim as to unpaid, post-petition rent.

■ Assuming *arguendo* that the Lease had been admitted into evidence and the paragraphs quoted in the papers submitted by the parties are accurate quota-

tions from the Lease, Movant would still be unable to sustain its burden because the Lease does not grant the Movant a security interest in property of the Debtor. Olim claims that paragraphs 11, 38, 39, 62 and 113 of the Lease give Olim a security interest in certain assets and property as collateral for the Debtor's performance under the Lease. These paragraphs are set forth in the parties' pleadings as follows:

11. All improvements by the Tenant to or upon the demised premises, except said trade fixtures, shall when made, at once be deemed to attach to the freehold, and become property of the Landlord, and at the end or other expiration of the term, shall be surrendered to the Landlord in as good order and condition as they were when installed, reasonable wear and damage by the elements excepted.

38. It is covenanted and agreed between the parties hereto that all improvements and installations affixed to the premises herein by the Tenant shall at the option of the Landlord become the property of the landlord upon the termination of this lease.

Sixty days before termination of the lease, the Tenant shall request Landlord in writing whether the work and improvements installed are to remain or be removed. If the landlord elects to have said work and improvements removed and so notifies the Tenant in writing, the Tenant shall remove all as requested at its own cost and expense and shall deliver the premises in as a (sic) good condition as received, wear and tear excepted.

39. The Tenant covenants and agrees not to mortgage, assign, encumber or in any way surrender title or possession of all or any part of its improvements, furnishings, equipment, or display merchandise.

62. If the Tenant shall be in default in the payment of rent or any item of additional rent reserved hereunder, or any part of either, or in making any other payment herein provided for and/or in the event of repossession by the Landlord as provided herein due to default by the Tenant, then all payments due for balance of the term of the lease from the date of such default shall become due and payable immediately. Until such payment is received the landlord shall have the right, to be exercised as the Law may allow, to attach and take possession of any property located in the premises of the Tenant at the Time of default, and only to the extent of the Amount due by the Tenant.

113. In the event of default of payment of rent or additional rents, and/or if summary proceedings have been started by issuance of summons and/or if judgment has been granted by a court with or without a stay, and/or if the premises have been repossessed by the Landlord or Law Enforcement Officers, the Tenant agrees that it will not then remove, or attempt to remove from the premises any merchandise, fixtures, equipment or things until the default and judgment have been fully satisfied and then only by order of a court of jurisdiction or through a written agreement between Landlord and Tenant.

Paragraphs 11 and 38 simply deal with improvements, except trade fixtures, made to the premises which were to become property of Olim upon termination of the Lease. There was no testimony that any permanent fixtures or improvements were removed from the premises nor was there any testimony that Olim had requested that the Debtor remove any of the improvements. While paragraph 39 deals with encumbering property of the Debtor, it deals with encumbrances of third parties and in no way grants to Olim a security interest in any of the Debtor's property. In addition, paragraph 62 is an acceleration clause which grants Olim the right to accelerate the payments due under the Lease in the event of a default by the Debtor. Paragraph 62 also grants Olim the right to exercise state law remedies, such as attachment, until past due rent payments are received, but does not grant a security interest. Finally, paragraph 113 does not

grant a security interest in property of the debtor, but is a provision in which the Debtor agrees not to remove any merchandise, fixtures, equipment or "things" until any default or judgement has been satisfied.

It necessarily follows that if Olim has not demonstrated the existence of a security interest in property of the Debtor, then it cannot utilize 11 U.S.C. § 546 to perfect such interest. The purpose of 11 U.S.C. § 546(b) is "to protect, in spite of the surprise intervention of [a] bankruptcy petition, those whom State law protects by allowing them to perfect their liens or interests as of an effective date that is earlier than the date of perfection." *Matter of Fiorillo & Co.*, 19 B.R. 21, 23 (Bankr.S.D. N.Y.1982) (quoting H.R. No. 595, 95th Cong. 1st Sess. (1977) 371; S.R. No. 989, 95th Cong. 2d Sess. (1978) 86; U.S.Code Cong. & Admin.News 1978, p. 5787, 6327).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(G).

2. Movant has not established cause for relief from the automatic stay in accordance with 11 U.S.C. § 362(d) because it has failed to prove that it has a security interest in any property of the debtor.

3. Movant may not utilize 11 U.S.C. § 546(b) to perfect its interest in property of the Debtor because it has failed to establish that any interest exists.

4. Movant's motion for relief and/or modification of the automatic stay is denied.

SETTLE ORDER ON NOTICE.