**In re Frank LoPRIORE, Debtor.**

**Frank LoPRIORE, Plaintiff,**

**v.**

**IMPERIA BROTHERS INC., I. Burack Inc. and Fiberlux, Inc., Defendants.**

**Bankruptcy Nos. 89 B 20761, 90 ADV. 6057.**

United States Bankruptcy Court, S.D. New York.

June 20, 1990.

Cullen & Dykman, Garden City, N.Y., for Fiberlux.

Jeffrey L. Sapir, Hartsdale, N.Y., for debtor.

DECISION ON MOTION FOR AN ORDER PERMITTING DEFENDANT FIBERLUX TO SERVE UPON PLAINTIFF *NUNC PRO TUNC* FILING OF MECHANIC'S LIEN AND TO FILE *NUNC PRO TUNC* AFFIDAVIT OF SERVICE AS OF APRIL 25, 1989

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Fiberlux, Inc ("Fiberlux"), a creditor claiming a mechanic's lien on property

owned by the Chapter 11 debtor, Frank LoPriore, has moved pursuant to Sections 2001 and 2005 of the New York Civil Practice Law and Rules for *nunc pro tunc* relief to allow it to serve upon the debtor notice of its mechanic's lien and to file an affidavit of such service as of April 25, 1989, as required by Section 11 of the New York Lien Law.

Fiberlux supplied labor and materials to replace windows in various premises owned by the debtor during the period from June through August, 1988, for an agreed price of $56,405.00 of which $41,405.00 remains unpaid. On April 12, 1989, the attorneys for Fiberlux filed a written notice of their client's mechanic's lien in the Westchester County Clerk's Office. On or about December 9, 1989, a copy of the notice of lien was served upon the debtor as an exhibit to a complaint seeking to foreclose such lien. Thus, the debtor had actual notice of the mechanic's lien asserted by Fiberlux.

Evidently Fiberlux did not have actual notice that on November 21, 1989, several weeks before Fiberlux gave actual notice of its lien to the debtor, the debtor filed with this court, a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and was continued in possession of its property pursuant to 11 U.S.C. §§ 1107 and 1108.

Apparently unknown to the attorneys for Fiberlux, Section 11 of the New York Lien Law had been changed so that a Mechanic's Lien which was filed with the county clerk also required that within 30 days after the filing of the notice of lien, the lienor must file a copy of the notice upon the owner and file proof of such service with the county clerk within 35 days after the notice of lien is filed, and that a failure to comply with the filing requirements will cause the lien to terminate automatically. Fiberlux did not file a copy of the notice of lien on the debtor within 30 days after it filed its notice of lien with the county clerk and it did not file an affidavit of proof of service on the debtor within 35 days as required by the amendment to Section 11 of the New York Lien Law, which took effect on June 3, 1988.

Fiberlux contends that no person has suffered prejudice by virtue of its failure to serve and timely file an affidavit of service on the debtor, whereas the new windows which it installed in the debtor's various properties materially contributed to the enhancement of the value of the debtor's real estate. Hence, Fiberlux reasons that it would be inequitable for it to be deprived of its lien by virtue of the mistake and omission to serve and file the notice of lien and proof of service on the debtor as the owner of the real estate.

## DISCUSSION

Initially it should be observed that an appropriately earned mechanic's lien is not stayed from perfection by the automatic stay imposed under 11 U.S.C. § 362(a), because 11 U.S.C. § 362(b)(3) provides for an exception based on 11 U.S.C. § 546(b) and permits such liens to relate back to the time of the underlying debt's creation as provided by Section 13(5) of the New York Lien Law, which gives a lienor who provided supplies and labor four months after the completion of the work, priority over any security interests created during the intervening four months. *In re James A. Phillips, Inc.,* 29 B.R. 391, 393 (S.D.N.Y.1983); *In re Beauti–Full Size Boutique, Inc.,* 110 B.R. 138, 141 (Bankr.S.D.N.Y.1990); *In re Fiorillo & Co.,* 19 B.R. 21, 23 (Bankr.S.D.N.Y.1982).

The issue, therefore, is not the application of the automatic stay, but whether the failure to file proof of service of a notice of lien with the 35–day period prescribed by Section 11 of the amended New York Lien Law may be excused because it is a mere irregularity rather than a substantive defect. Fiberlux argues that no one will be prejudiced by its attorneys' inadvertent failure to file a proof of service on the owner-debtor and that the purpose of the statute was served in this case by the actual notice given to the owner-debtor in the form of an exhibit attached to a complaint to foreclose on the lien. Apart from the fact that the post-petition foreclosure complaint was barred by 11 U.S.C. § 362(a), Fiberlux maintains that the failure to serve

and file the notice and proof of service on the debtor is an irregularity which a court is authorized to correct or excuse under New York CPLR 2001 and 2005.

In view of the fact that Fiberlux bottoms its statutory lien rights on New York law, this court must look to New York law in order to ascertain the scope of the relief sought. *See Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Prior to the amendment of ·Section 11 of the New York Lien Law, effective June 3, 1988, it was provided that a lienor may serve notice of a mechanic's lien on the owner of real estate at any time and that the validity of the lien was not affected if such notice was not filed and that this notice was necessary only to prevent payments by the owner to the contractor after the filing of the lien to the prejudice of the lienor. *Owens v. Ebner*, 74 N.Y.S.2d 169 (1947); *Beacon Construction Company, Inc. v. Matco Electric Company, Inc.*, 521 F.2d 392, 395 (2d Cir.1975).

The amendment to Section 11 of the New York Lien Law provides: "Failure to file proof of such a service with the county clerk within thirty-five days after the notice of lien is filed *shall terminate the notice as a lien.*" (Emphasis added). Thus, this provision is self-executing and the failure to file a proof of service within 35 days after the notice of lien is filed causes the lien to expire automatically.

In a recent case in point involving the authority to grant *nunc pro tunc* relief based on counsel's lack of familiarity with the amendment to Section 11 of the New York Lien Law, the New York Supreme Court held that it had no power to excuse a lienor's failure to file the required proof of service after the lien terminated, saying:

Here, the plain meaning and clear effect of the statutes is that a mechanic's lien expires 35 days after filing of the notice of lien unless proof of service has been filed. Thus, plaintiff is, in reality, asking the court to excuse a default which terminated his lien. To grant such relief would be similar to continuing or repaying a lien which has expired after one year. In both cases the lien expires

by operation of law, and the court has been unable to find any authority that would authorize resurrection. While plaintiff finds such authority in CPLR 2001 and 2004, it is clear that those sections are not applicable here. CPLR 2001 provides the authority to correct irregularities and defects in pleadings and other aspects of an action. Here, the filing requirement was not a requirement for prosecution or defense of an action, and the time to file expired long before this action was commenced in May of 1989. CPLR 2004 authorizes the extension of the time period fixed by "any statute", but it is of no avail here because plaintiff seeks the revival of an expired lien rather than merely an extension of the time. Since the courts lack the authority to grant such relief, plaintiff's motion must be denied.

*Paloangeli v. Sopp*, 145 Misc.2d 259, 546 N.Y.S.2d 322, 323–24 (Sup.Ct. Tomkins Co. 1989).

In light of the fact that under New York law a court has no authority to correct a defect in the filing of a lien *nunc pro tunc* and to resurrect an expired lien, it follows that the relief sought by Fiberlux must be denied, especially since Fiberlux never served either the notice of lien or the required proof of service.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) and (K).

2. The Fiberlux motion seeking to permit it to serve notice upon the debtor and file an affidavit of such service *nunc pro tunc* as of April 29, 1989, in order to comply with Section 11 of the New York Lien Law, is denied.

SETTLE ORDER on notice.