OPINION OF THE COURT
Karla Moskowitz, J.
Petitioner, Hui’s Realty, Inc., moves to have a mechanic’s lien declared null and void. Respondent, Transcontinental Construction Company, cross-moves to extend the time for filing proof of service of the mechanic’s lien and to vacate the termination of the notice as a lien.
Respondent filed the mechanic’s lien on the property, located at 36-38 Rivington Street, New York, New York, on December 12, 1988. Several days later, well within the statutory time, respondent effected personal service on petitioner. In November 1989, respondent then filed to extend the lien.
Petitioner argues that the lien terminated because respon *1087 dent failed to comply with Lien Law § 11 which specifically provides that "[failure to file proof of * * * service with the county clerk within thirty-five days after the notice of lien is filed shall terminate the notice as a lien.” Section 11 was amended, effective June 3, 1988, to add this filing requirement.
Respondent’s employee testified at a hearing that he did file proof of service and submitted his time and activity sheets for a three-month period to establish that proof of service was filed with the County Clerk’s office. The County Clerk’s records, however, do not show any such filing. Respondent has also not produced any documentary evidence, such as a copy of the affidavit of services with the County Clerk’s stamp, a receipt or a check for the filing fee.
The language of section 11 is clear and unequivocal — the notice as a lien terminates. The court must credit the statute’s language with its plain meaning and clear effect. (See, Paolangeli v Sopp, 145 Misc 2d 259.) The operation of the amendatory language is reinforced by the fact that, prior to amendment, the validity of the lien was not affected if the notice was not filed. (See, Historical Note, McKinney’s Cons Laws of NY, Book 32, Lien Law § 11,1990 Pocket Part, at 25.)
Accordingly, petitioner’s motion is granted and respondent’s cross motion is denied. Respondent’s failure to file proof of service within 35 days after the notice of lien was filed effectively terminated the notice as a lien and respondent’s attempted extension is equally without effect.