■ MURPHY CONSTRUCTION CORPORATION, Respondent, v JOHN MORRISSEY et al., Appellants.—Mercure, J. Appeal from that part of an order of the Supreme Court (Cheeseman, J.), entered November 17, 1989 in Albany County, which required defendants to post a surety bond to obtain a discharge of a lien filed by plaintiff.

Following joinder of issue and discovery in this action to foreclose a mechanic's lien, defendants moved for an order canceling the notice of lien, alleging that plaintiff served a copy of its notice of lien upon defendants by certified mail more than 30 days after filing and that plaintiff never filed

proof of such service with the County Clerk. Supreme Court granted the motion only to the extent of ordering cancellation and discharge of the notice of mechanic's lien upon condition that defendants post a $5,000 bond "insuring payment of any judgment subsequently obtained by [p]laintiff". Defendants appeal, asserting that the notice of lien should have been unconditionally canceled and discharged.

We agree. Lien Law § 11 provides in pertinent part that "[w]ithin thirty days after filing the notice of lien, the lienor *shall* serve a copy of such notice upon the owner, if a natural person, by delivering the same to him personally" and that "[f]ailure to file proof of such a service with the county clerk within thirty-five days after the notice of lien is filed *shall* terminate the notice as a lien" (emphasis supplied). It is uncontroverted that plaintiff failed to comply with the statutory requirements both with respect to service of a copy of the notice of lien and the filing of proof of such service, and a literal application of the statutory language would clearly require the unconditional grant of defendants' motion.

The next consideration is whether the Legislature intended the peremptory word "shall", emphasized above, to be applied permissively, thereby leaving Supreme Court with discretion to excuse plaintiff's noncompliance *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 177, at 350-352). We note at the outset that, while the Legislature's use of the term is not conclusive, such a word of command is ordinarily construed as peremptory in the absence of circumstances suggesting a contrary legislative intent *(see,* § 177, at 350; *see also, People v Schonfeld,* 74 NY2d 324, 328). Moreover, the legislative history of the section supports a finding of peremptory intent. Prior to the 1988 amendment to Lien Law § 11 (L 1988, ch 105, § 1), the section provided for discretionary service of a copy of the notice of lien "[a]t any time" following filing and that "failure to serve the notice does not otherwise affect the validity of such lien". The Legislature's amendment of the statute so as to substitute a peremptory provision for a permissive one is very strong evidence of its intent that the amended statute be mandatory in its application *(see,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 177, 193, at 345, 357-358; *see also, People v Schonfeld, supra,* at 328-329; *Paolangeli v Sopp,* 145 Misc 2d 259). We conclude, therefore, that Supreme Court had no discretion to excuse plaintiff's noncompliance with Lien Law § 11 or to place any conditions upon the vacatur of plaintiff's lien.

Order modified, on the law, with costs to defendants, by deleting the second decretal paragraph thereof, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.