OPINION OF THE COURT
Alan D. Oshrin, J.
Application of petitioner, Stuart Podolsky, for an order *835 pursuant to Lien Law § 10 (1) and § 19 (6), summarily discharging a lien of record filed by respondent, Narnoc Corp., doing business as St. James Lumber Company on July 5, 1990 is denied.
Petitioner is the owner of real property upon which has been constructed a one-family home in Brookhaven, Suffolk County. Mr. Podolsky employed James Michael doing business as Jet Management, as builder and Mr. Michael purchased materials from the respondent, Narnoc Corp. The materials were delivered to petitioner’s property and it is undisputed that same were utilized in the construction of the home.
Apparently, Mr. Michael experienced financial difficulty and did not pay respondent for the materials. Since respondent did not receive payment, it caused a notice of lien to be filed with the office of the Clerk of the County of Suffolk. The lien is dated July 3, 1990 and was filed on July 5, 1990. It asserts that petitioner is the owner of certain real property, that with respect thereto, at the request of Jet Management Corp., respondent provided building material to construct the house and the reasonable and agreed value of same is $18,327.85, which sum remained unpaid. It finally states that the first item of material was furnished on July 25, 1989 and that last item of material was furnished on March 15, 1990.
Petitioner on October 18, 1990 caused a search to be made by the office of the Clerk of the County of Suffolk to determine whether the lien had been filed in compliance with Lien Law § 10. As a result of that search, petitioner brings this proceeding contending that no affidavit of service of a copy of the notice of lien has been filed with the Clerk of the County of Suffolk within 35 days after the lien was filed, as required by Lien Law § 11, and thus, the notice should terminate.
Petitioner also asserts the notice of lien is defective because it was not filed within four months after the final furnishings of material. In support of that contention, petitioner attaches to the moving papers a series of invoices dated July 24, 1989 to October 24, 1989 and two additional invoices dated February 7, 1990 and February 22, 1990. The February 1990 invoices are marked paid in full and thus, petitioner asserts the notice of lien has been filed more than four months from October 24, 1989 and, thus, is void.
Finally, petitioner contends, as justification for the discharge of the lien, the alleged gross overstatement of the amount due by respondent. In support of that claim attached *836 to the moving papers are copies of the receipts supplied to petitioner in response for a demand for a verified statement (Lien Law § 38). The invoices show an amount due respondent of approximately $11,000 as compared to the $18,000 set forth in the notice of mechanic’s lien.
Petitioner would have the court vacate the notice of lien because of respondent’s failure to file with the County Clerk proof of service of a copy within 35 days of the date of filing (Lien Law § 11). Two recent cases, Paolangeli v Sopp (145 Misc 2d 259 [1989]) and Matter of Hui’s Realty v Transcontinental Constr. Servs. (147 Misc 2d 1086 [1990]), have considered that argument and have strictly construed the statute and have refused to exercise any judicial discretion, and have accepted the argument.
Lien Law § 11 was amended in 1988 to require a lienor to serve a notice of lien upon the owner within 30 days after filing of same and to further provide that the lien should terminate if proof of service has not been filed with the County Clerk within 35 days after filing. The statute provides that until service of the notice, an owner without knowledge of the lien is protected with respect to any payment made in good faith to any contractor or other person.
In both cases the courts find the statute to have a plain meaning and, thus, find it unnecessary to apply principles of statutory construction. In neither case was it necessary for the court to consider whether the purpose of the statute had been achieved, as in the case at bar where all concede the notice of lien was not only served but actually received by the owner.
The mere filing of a notice of lien does nothing more than afford to any interested party notice of a claim. Property cannot be applied to satisfy a lien until a judgment has been rendered in an action to enforce same (see, Carl A. Morse, Inc. v Rentar Indus. Dev. Corp., 85 Misc 2d 304, affd 56 AD2d 30 [1976]). The mere filing of the mechanic’s lien does not create a contractual liability (Contelmo’s Sand & Gravel v J & J Milano, 96 AD2d 1090 [1983]).
In this case, after filing the lien, respondent spoke with counsel for petitioner, asked petitioner to speak with the contractor about paying the bill, and was advised by counsel that the attorney also represented the owner. Respondent was told by counsel to send a copy of the lien to counsel and did so. At that time respondent was not represented by counsel. After the telephone call, a meeting was held between peti *837 tioner, respondent and the attorney. At the meeting petitioner was advised of the filing of the mechanic’s lien and said that payment would not be made because petitioner felt he did not owe any money to the contractor. At no time during the meeting was respondent advised of the effect of his failure to file proof of service or of any requirement that the lien be, in fact, served.
Where the question of service is not raised and where the owner or contractor has, without question, received a copy of the notice within the proper time frame, and where the mechanic filing the lien has discussed same with the owner, no purpose would be served by vacating the lien. The court accordingly declines to vacate the lien.
In such a circumstance, that is, the unquestioned receipt of the lien within the statutory time frame, the failure to file must be considered an irregularity which does not affect the substantive rights and hence, cannot serve to defeat the lien.
This court finds that it could not have been the intention of the Legislature when enacting the 1988 amendment to allow a mechanic who has filed a notice of lien, been in contact with the owner and owner’s counsel and who had a meeting with regard to payment of the moneys believed to be owed, to have his lien terminated by operation of law for a technical failure to satisfy a filing requirement. This court declines to follow the construction of section 11 as propounded by the courts in Paolangeli (supra) and Hui (supra) and finds it unnecessary to reach the issue raised in these cases given the unquestioned receipt of the notice of lien and conversations between the mechanic and counsel and the meeting between the owner, counsel and mechanic within the appropriate time frame.
Petitioner’s claim that the lien was not timely filed is also rejected. There is no question here, but that the materials were furnished and paid for in February 1990 within four months of the date of the filing of the lien. It is the furnishing of material, not payment, which is to be utilized by a court in measuring the four-month time period (see, Cirillo Bros. Petroleum Co. v Kyne Realty Corp., 30 Misc 2d 702 [1961]). Were any other result to be achieved, the owner of property could shorten the statutory time frame by making payment of the most recent invoices, withholding payment of earlier invoices and, thus, terminating the mechanic’s right to file a lien while work was possibly still in progress.
*838 Finally, the question of the validity of petitioner’s claim of willful exaggeration is not properly before this court. The right to urge that the lien is void for willful exaggeration is always reserved for trial. The fact of willful exaggeration may be established only in an action or proceeding to enforce a mechanic’s lien, rather than, as here, on the basis of affidavits submitted upon a motion to discharge the lien (see, Matter of Upstate Bldrs. Supply Corp. [Maple Knoll Apts.], 37 AD2d 901, appeal dismissed 30 NY2d 515 [1972]; Matter of Maloney Contr. Corp. v William E. Blume, Inc., 85 Misc 2d 838 [1976]; Lien Law § 39).