*840 OPINION OF THE COURT
Alan D. Oshrin, J.
Petitioner, Stuart Podolsky, seeks reargument of the order of this court dated March 12th, 1991, which denied his application pursuant to Lien Law § 10 (1) and § 19 (6) summarily discharging a lien of record (see, Matter of Podolsky v Narnoc Corp., 149 Misc 2d 834). Respondent, Narnoc Corp., has filed a cross motion seeking permission to extend the lien pursuant to Lien Law § 19. The application seeking reargument is granted, and upon reargument the original decision is adhered to, and the application seeking permission to extend the notice of lien is denied.
Petitioner seeks reargument asserting that the First Department’s ruling in Matter of Hui’s Realty v Transcontinental Constr. Servs. (168 AD2d 302 [1990]) is controlling and requires a change by this court of its March 12th, 1991 determination. The IAS court in Matter of Hui’s Realty v Transcontinental Constr. Servs. (147 Misc 2d 1086 [1990]) held a hearing at which testimony was offered in support of the contention that proof of service had been filed. That court vacated the notice of lien because the County Clerk’s records did not show proof of filing, and the petitioner was unable to provide proof of payment of the filing fee. That court also found support in its position in the case of Paolangeli v Sopp (145 Misc 2d 259 [1989]), and the fact that prior to the recent amendment of the Lien Law, the validity of the lien was not affected if notice had not been filed (147 Misc 2d 1086, 1087, supra).
The court in Paolangeli v Sopp (supra) notes that the purpose of the 1988 amendment was to assure that the notice of lien is promptly served and, thus, notwithstanding the provisions of section 23 of the Lien Law, requiring liberal construction of that article, the notice of lien is deemed to have expired 35 days after filing absent compliance with the requirement that proof of service be filed (145 Misc 2d 259, 261, supra).
The First Department has now stated "[although a court may disturb a harsh disposition that is not authorized by the statute * * * no such leniency is authorized where, as here, the result is mandated by the statute.” (Matter of Hui’s Realty v Transcontinental Constr. Servs., 168 AD2d 302, supra.) Were the issue for determination at this juncture to be one only of compliance or noncompliance with the provisions of section 11 of the Lien Law, the guidance of the Appellate Division, First *841 Department, in Hui’s Realty would be controlling and would require that the lien be vacated (Mountain View Coach Lines v Storms, 102 AD2d 663 [1984]).
However, here the petitioner is effectively estopped from questioning the validity of the lien by reason of his conduct. The following is clear: the respondent forwarded a copy of the lien to the petitioner; the lien was received, and counsel spoke with the lienor about the lien within the appropriate time frame. In view of the failure of counsel acting on behalf of petitioner to at that point, contest the notice of lien for failure to file proof of service, it would be inappropriate to permit this petitioner to now raise the issue. Having failed initially to raise the objection, petitioner cannot now do so.
Were petitioner to have made application to vacate, absent communication and acknowledgment of service, the issue of estoppel would not be before the court. A party may be estopped to insist upon a claim, assert an objection or to take any other position which is inconsistent with a position previously assumed by him, where he is chargeable with full knowledge of the facts and in reliance upon which the other party has modified his conduct and been prejudiced thereby (see, Fink, Weinberger, Fredman & Charney v Lipow, 100 Misc 2d 548 [1979]; Chautauqua County Fedn. of Sportsmens Club v Caflisch, 15 AD2d 260 [1962]). This rule is sometimes said not to be strictly one of equitable estoppel but rather one of quasi estoppel by election (Chautauqua County Fedn. of Sportsmens Club v Caflisch, supra, at 264). The doctrine is applicable both at law and in equity (Wikiosco, Inc. v Proller, 276 App Div 239 [1949]). An estoppel may arise under certain circumstances from silence or inaction as well as from positive words or acts (see, Rothschild v Title Guar. & Trust Co., 204 NY 458 [1912]). The essential elements of an estoppel so arising are a duty to speak, a failure to speak and damage to another party directly due to this silence (see, La Porto v Village of Philmont, 39 NY2d 7 [1976]). Importantly, the duty to speak is not necessarily a legal obligation to do so but is founded on a sense of justice and fair play invoked by the court to compel a man to act when, in all good conscience, an honest man would have acted (Simmons v Westwood Apts. Co., 46 Misc 2d 1093 [1965], affd 26 AD2d 764 [1966]).
An estoppel does not originate any legal right (Ryder Truck Rental v Williamstown Wire & Cable Co., 62 Misc 2d 848 [1970]). It rests upon the words, silence, action or inaction of one party upon which another rightfully relies, and so *842 relying changes his position to his injury (Selzer v Baker, 295 NY 145 [1946]). When this occurs it would be inequitable to permit the first to enforce what would have been his rights under other circumstances (Metropolitan Life Ins. Co. v Childs Co., 230 NY 285 [1921]). Here by petitioner’s conduct — requesting respondent pro se to send a copy of the lien and conversations regarding the filing of the lien and payment of moneys owed, and by his silence — both as to the effect of failing to serve the lien and failure to file proof of service of the lien, respondent’s proceeding as if its lien was served, filed and in effect, and by respondent’s proceeding in such manner to its detriment, the court finds that it would be inequitable to permit petitioner to enforce his rights and remedies for noncompliance with the technical filing requirement of section 11 of the Lien Law (see, e.g., City of Oswego v Montcalm Dock Co., 245 App Div 555 [1935]).
Respondent offers no justification in support of its application for an order extending the notice of lien. It was originally filed on July 5th, 1990. From the application to vacate and from the oral advice communicated by counsel upon receipt of the notice of lien, respondent has been placed upon notice that the petitioner does not intend to make payment and intends to vigorously contest the claims of respondent. Application for permission to extend a notice of lien is discretionary and dependant upon the respective rights of the parties (see, Matter of Lycee Francais, 26 Misc 2d 374 [I960]). Since the lienor was aware shortly after the lien had been filed that the property owner was not going to pay, and since the lienor has had almost a year to determine whether to commence litigation to foreclose the lien, and since the lienor has offered no justification or excuse for its failure to commence such action, the application for an order extending the lien is denied. There is no reason or need to burden the property owner with the continued encumbrance beyond the one-year period absent a showing of necessity therefor, and explanation of why an action to foreclose the lien has not been commenced within the period from the filing of the lien to the date of notice of application.
In making its determination to allow or disallow an extension of the lien, the court must balance the rights of the lienor with the rights of the property owner. A notice of lien constitutes an encumbrance upon property and an owner desirous of *843 transferring or, in some way, utilizing the property to borrow money, has the burden of taking action to remove such encumbrance. That burden should not be extended absent justification. Having failed to offer justification, the application for an extension is denied.