**In re NORTHPORT MARINA AS-SOCIATES, a New York General Partnership, Debtor.**

**NORTHPORT MARINA ASSOCIATES, a New York General Partnership, Plaintiff,**

v.

**J.M. CASHMAN, INC., Defendant.**

**Bankruptcy No. 091–71609–21.
Adv. No. 092–7048–21.**

United States Bankruptcy Court, E.D. New York.

July 16, 1992.

Stan L. Goldberg, Platzer, Fineberg & Swergold, New York City, for debtor.

Jerome Reiss, Thelen, Marrin, Johnson & Bridges, New York City, for J.M. Cashman, Inc.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

In this adversary proceeding brought by Northport Marina Associates, A New York General Partnership ("Northport"), a Chapter 11 debtor, against J.M. Cashman, Inc. ("Cashman"), the plaintiff is moving for summary judgment. The motion is predicated on Cashman's inability to prove compliance with the filing requirements of Section 11 of the Lien Law of New York. N.Y.Lien Law § 11 (McKinney 1966 & Supp.1992).

The complaint challenges the validity of a mechanic's lien filed by Cashman against real property owned by Northport. The relief requested is an order avoiding Cashman's lien and cancelling the bond which the Debtor posted to cover that lien. Cashman's answer pleads various defenses, including "waiver and/or estoppel."

The plaintiff has filed a Statement pursuant to Rule 22(b) of the Local Rules of the United States Bankruptcy Court for the Eastern District of New York, which is the analog of Civil Rule 3(g) of the Local Rules for the Southern and Eastern Districts. The Statement recites the undisputed facts on which Northport relies. The Statement, read together with other documents, establishes the following:

Northport owns real property in the Town of Huntington, in the Village of Northport. On March 1, 1989, Cashman agreed with Northport to perform certain dredging operations in Northport Harbor and completed such work on May 13, 1989. Thereafter, Cashman filed a Notice of Mechanic's Lien in the amount of $387,745 with the Clerk of the County of Suffolk. Three days later, notice of the filing of the mechanic's lien was served on C.M. Saracione, Northport's Senior Vice President.

A series of telephone discussions followed between Cashman and Northport with respect to bonding the lien.

Cashman has been unable to locate any proof that an affidavit of service of the notice of mechanic's lien upon Northport was filed with the County Clerk within 35 days of the filing of the notice of the lien.

On August 28, 1989, Cashman brought suit in New York's Supreme Court to foreclose its mechanic's lien and for breach of contract, misrepresentation and fraud. Northport subsequently bonded the lien by Order of the Supreme Court of the State of New York, County of Suffolk, dated February 28, 1990.

On May 10, 1991, Cashman commenced an action by Order to Show Cause in the Supreme Court of the State of New York, Suffolk County, seeking an order permitting it to file an affidavit *nunc pro tunc* that notice of the filing of the mechanic's lien had been served upon Northport pursuant to Section 11 of New York's Lien Law. Northport opposed the relief requested and cross-moved to have the mechanic's lien declared null and void and to cancel its bond because of Cashman's failure to file an affidavit of service of notice within the 35 day period fixed by New York's Lien Law. (This is essentially the same relief which Northport seeks in the present adversary proceeding.)

The issues were submitted to the Supreme Court on May 16, 1991. While decision was pending, Northport filed under Chapter 11, staying the pending proceeding. Nevertheless, Judge Underwood of the New York Supreme Court issued a decision on August 23, 1991 denying Cashman's Order to Show Cause and vacating Cashman's lien and cancelling its bond. *J.M. Cashman, Inc. v. Northport Marina Assoc.*, No. 91–9470 (Sup.Ct. Aug. 23, 1991). Because his decision was entered after all proceedings had been automatically stayed by 11 U.S.C. § 362, Cashman requested this Court to vacate it, which this Court did by Order dated November 12, 1991.

Cashman concedes that it is wholly unable to establish that an affidavit of service of the notice of mechanic's lien upon Northport was filed with the Clerk of the County of Suffolk. Specifically, Cashman's attorney says in this regard: "While it is believed that such a filing did occur, the attorney who handled this matter is no longer with our New York office and has no personal recollection of this matter. In addition, our office moved in July, 1990, and while the affidavit of service of the mechanic's lien was found in our files, there is no document that shows that the affidavit of service was filed with the County Clerk, nor has a search of the records of the County Clerk revealed any such filing to date." (Def.'s Affirm. in Opp'n, June 2, 1992, ¶ 20).

## DISCUSSION

The very narrow issue presented for decision is whether the failure to file with the County Clerk within 35 days after the filing of a notice of a mechanic's lien an affidavit that the owner has been served with notice of such filing invalidates the lien.

This issue involving a statutory lien is necessarily controlled by New York law. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re LoPriore*, 115 B.R. 462, 464 (Bankr. S.D.N.Y.1990). Prior to 1988, the validity of a lien was not affected by failure to file with the county clerk proof of service of notice of filing on the owner. The only effect of such failure was that an owner making payment in ignorance of the lien was protected. However, Section 11 of the New York Lien Law was amended, effective June 3, 1988, to provide as follows: "Failure to file proof of such a service [service on the owner of the notice of lien] with the county clerk within thirty-five days after the notice of lien is filed *shall terminate the notice as a lien.*" (Emphasis added).

With a single exception, every court which has had occasion to apply Section 11 of the New York Lien Law since its amendment has held that the statute means what it says and that invalidation of the lien where proof of service is not filed is man-

datory leaving no discretion in the court. *Murphy Constr. Corp. v. Morrissey,* 168 A.D.2d 877, 564 N.Y.S.2d 551 (App.Div. 1990) (Lienor neither served notice of the lien nor filed proof of such service with the county clerk); *Hui's Realty, Inc. v. Transcontinental Constr. Serv., Ltd.,* 168 A.D.2d 302, 562 N.Y.S.2d 633 (App.Div. 1990), *appeal den'd,* 77 N.Y.2d 810, 575 N.E.2d 399, 571 N.Y.S.2d 913 (1991); *Paolangeli v. Sopp,* 145 Misc.2d 259, 546 N.Y.S.2d 322 (Sup.Ct.1989); *In re LoPriore, supra.*

The sole dissenter from this uniform line of cases is Judge Oshrin of the Supreme Court of Suffolk County. The issue first came before him 1991. Judge Oshrin refused to follow *Paolangeli* and *Hui's Realty, Inc.,* which had not yet reached the appellate courts, saying that where there has been "unquestioned receipt of the lien within the statutory time frame, the failure to file must be considered an irregularity which does not affect the substantive rights and hence, cannot serve to defeat the lien." *Podolsky v. Narnoc Corp.,* 149 Misc.2d 834, 837, 567 N.Y.S.2d 1006, 1009 *aff'd on reh'g,* 149 Misc.2d 839, 572 N.Y.S.2d 618 (Sup.Ct.1991). After the First Department affirmed the result reached by the lower court in *Hui's Realty, Inc.,* Judge Oshrin entertained a motion for reargument and after granting it, adhered to his original decision but for a different reason. He now held that the petitioner was "effectively estopped from questioning the validity of the lien by reason of his conduct." *Podolsky,* 149 Misc.2d at 841, 572 N.Y.S.2d at 620. The conduct to which Judge Oshrin referred were discussions had by counsel for the owner with the lienor during the 35 days fixed by statute for the filing of an affidavit of service of the notice in which counsel had not raised the issue of the failure to file an affidavit of service. Judge Oshrin's conclusion as to estoppel appears to be *dicta,* however, because he refused to extend the lien which had already expired.

Cashman, which has pleaded the defense of estoppel and waiver in its answer, contends that summary judgment should not be allowed in view of the undenied fact that discussions were had between Northport's counsel and Cashman's counsel within the 35 days fixed by statute for filing the affidavit of service with the County Clerk in which Northport never raised the issue of the lack of filing.

This Court cannot agree with Judge Oshrin that the owner of property is under any duty to advise a lienor of what the statute requires or that any estoppel or waiver can be predicated upon his failure to educate his adversary. Estoppel would require proof that Cashman relied to its detriment on a misleading representation by Northport. *See, United Commodities–Greece v. Fidelity Int'l Bank,* 64 N.Y.2d 449, 457, 478 N.E.2d 172, 175, 489 N.Y.S.2d 31, 34 (1985). But, Cashman does not claim that it was lulled into inaction by Northport. On the contrary, it states that it believes filing did occur and it has an affidavit of service in its files which, however, was never deposited with the County Clerk. Law office oversight cannot be laid at Northport's door.

Equally, there was no waiver by Northport of the statute's terms. "Waiver" is an "intentional relinquishment of a known right and should not be lightly presumed." *Gilbert Frank Corp. v. Federal Ins. Co.,* 70 N.Y.2d 966, 968, 520 N.E.2d 512, 514, 525 N.Y.S.2d 793, 795 (1988). There must be both knowledge of the existence of a right and an intention to relinquish it. Northport could not have known at the time of its discussions with Cashman that Cashman would not file within the 35 days as required by statute. Like Cashman, it probably believed that an affidavit of service had been filed. It was under no duty to make an independent investigation and alert Cashman of what it should do in the light of what such an investigation disclosed.

No doubt Judge Oshrin, in discerning an estoppel on the facts before him, was seeking to mitigate the harshness of the statute. Of that harshness there can be no doubt. But the Appellate Division in *Hui's Realty, Inc.* addressed itself to just that fact and held it not one appropriate for

consideration by the court in view of the statute's clear language: "The language of Lien law § 11 is clear and unambiguous. Although a court may disturb a harsh disposition that it is not authorized by the statute, no such leniency is authorized where, as here, the result is mandated by the statute." *Hui's Realty, Inc., supra,* 168 A.D.2d at 303, 562 N.Y.S.2d at 634 (citations omitted).

■ Although Judge Underwood's decision, issued after Northport filed under Chapter 11, was held void because issued after the Section 362 stay went into effect, it is instructive regarding how an experienced New York court views the facts in this case in the light of New York law. It was urged to him, too, that under the *Podolsky* case an owner may be estopped from raising the objection of failure to file. After reviewing the authorities, Judge Underwood concluded that he had no discretion but to deny Cashman's motion to file proof of service *nunc pro tunc* and to grant Northport's motion to declare null and void the notice of mechanic's lien filed by Cashman on August 7, 1989. This Court reaches the same conclusion. The statute is crystal clear. It says failure to file proof of service of the notice of lien upon the owner within 35 days after the notice of lien is filed "shall terminate the notice as a lien." N.Y. Lien Law § 11 (McKinney 1966 & Supp.1992). The word "shall" is peremptory and takes all discretion away from this Court.

In view of the undisputed facts, there is nothing left to try. The motion for summary judgment is granted.

## CONCLUSIONS OF LAW

1. This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) and (K) involving the validity of a lien on property of the estate.

2. The mechanic's lien filed by Cashman against the real property of the debtor's estate is void because of the failure to file with the Clerk of the County of Suffolk proof of service of notice of the lien on Northport within 35 days after notice of the lien was filed.

3. Northport is entitled to have the mechanic's lien declared void and to have its bond cancelled.

Settle Order.