OPINION OF THE COURT
Carolyn E. Demarest, J.
Defendant Wythe Properties, LLC (Wythe) moves pursuant to Lien Law § 19 (6) for the discharge of three mechanic’s liens filed against Wythe’s property by plaintiff Mahan Construction Corp. (Mahan), defendant Macro Enterprises (Macro), and defendant J. Petrocelli Contracting, Inc. (Petrocelli). Wythe subsequently withdrew its motion to discharge Petrocelli’s lien as the parties settled and stipulated that the lien would be discharged pursuant to the terms of the settlement. At oral arguments on December 22, 2010, this court denied Wythe’s motion as to Macro for the reasons stated on the record and reserved decision on the motion as to Mahan’s lien.
Background
This action arises out of a construction project at 367 Wythe Avenue, Brooklyn, New York (property). Mahan entered into an agreement with 373 Wythe Realty, Inc. (373 Wythe) wherein Mahan was to provide and install steel materials on the project. Wythe, the owner of the property, acquired title from 373 Wythe. Mahan filed a notice of mechanic’s lien on the property on April 16, 2009 with a claim for $89,700 in unpaid fees. The notice of lien describes the labor performed as “supply and install structural steel and deck,” the material furnished as “structural steel,” and the materials actually manufactured but not delivered to the real property as “structural steel.”
Discussion
Wythe moves to discharge the lien on five separate grounds. Wythe argues: (1) pursuant to Lien Law § 9, the lien fails to specifically and adequately describe the alleged labor performed and materials supplied; (2) the verification of the lien is defective because it does not state a basis for the deponent’s personal knowledge of the claims contained in the notice of hen; (3) the lien did not disclose Mahan’s role as a subcontractor of the project overseen by Petrocelli; (4) Mahan failed to serve the notice of lien upon general contractor Petrocelli; and (5) service of the notice of lien was insufficient pursuant to Lien Law § 11.
*254 Wythe’s claim that the lien is invalid pursuant to Lien Law § 9 is unavailing as the lien sufficiently identifies the labor performed and materials furnished. The lien describes the labor performed as “supply and install structural steel and deck,” the material furnished as “structural steel,” and the materials actually manufactured but not delivered to the real property as “structural steel.” These descriptions are sufficient to provide Wythe with enough information so the owner “may, upon inquiry, ascertain whether the material has been actually furnished or not, and the value of the same” (Vogel v Luitwieler, 5 NYS 154, 157 [Sup Ct 1889]; see Bachmann v Spinghel, 164 App Div 725, 726-727 [2d Dept 1914]; 8-92 Warren’s Weed, New York Real Property § 92.14 [7] [a] [2010]).
Wythe’s claim that the lien is defective because the verification of the lien does not state a basis for the deponent’s personal knowledge of the claims is unavailing as the verification was signed by the president of Mahan, Daniel Mayer (Mayer), based on his personal knowledge. The verification states that Mayer believes the statements in the notice of lien to be true based upon “deponent’s own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true.” This verification of the notice of lien is sufficient pursuant to Lien Law § 9 (7). Wythe’s argument that the verification “was left partially incomplete” is unsubstantiated and thus unavailing.
Wythe’s claims that the lien is invalid due to Mahan’s failure to disclose in the lien that Petrocelli was the general contractor on the project and Mahan’s purported failure to serve the notice of lien upon Petrocelli are unavailing as Mahan entered a contract with 373 Wythe which was identified in the lien. As Mahan was in direct privity with 373 Wythe, Wythe has not demonstrated that Mahan had any obligation to identify Petrocelli in the lien or serve it with the notice of lien.
Wythe argues that the lien is invalid pursuant to Lien Law § 11 as Mahan was not permitted to effectuate service of the notice of lien solely by posting a copy of the notice on the property unless it was unsuccessful in personally serving an officer or agent of Wythe. As the affidavit of service does not indicate that the process server attempted any other service method, Wythe claims that the posting of notice was insufficient. In opposition, Mahan’s counsel argues that posting the notice of lien at the property was sufficient service and there is no requirement in the Lien Law that any preliminary efforts be made before ser *255 vice by posting at the premises is made. Further, Mahan argues that Wythe waived any defense as to service of the lien as Wythe did not raise this affirmative defense in its answer.
Pursuant to Lien Law § 11, where the corporation is the owner of the property at issue, service of the notice of lien shall be made:
“(i) by delivering such copy to and leaving the same with the president, vice-president, secretary or clerk to the corporation, the cashier, treasurer or a director or managing agent thereof, personally, within the state, or (ii) vf such officer cannot be found within the state by affixing a copy thereof conspicuously on such property between the hours of nine o’clock in the forenoon and four o’clock in the afternoon, or (iii) by registered or certified mail addressed to its last known place of business. Failure to file proof of such a service with the county clerk within thirty-five days after the notice of lien is filed shall terminate the notice as a lien.” (Emphasis added.)
The affidavit of service for the notice of lien states that the process server: “POSTED by attaching a true copy of the NOTICE OF MECHANIC’S LIEN with the date and hour of service endorsed thereon by me, to a conspicuous place on the property at the address of: 367 Wythe Avenue Brooklyn, NY 11211.”
The affidavit of service does not indicate whether service was attempted on an officer of Wythe within the state or by any other method. In opposition to the motion to discharge the lien, Mahan has not claimed that any other method of service was attempted and states:
“It is submitted that Mahan went above and beyond [personal service on an officer or agent of Wythe within the state or service by registered or certified mail] by hiring a process server to post the lien at the premises. There is no requirement in the Lien Law or elsewhere that any prerequisite efforts be made before such substitute service.”
Mahan’s mechanic’s lien against the property is discharged due to insufficient service of the notice of lien pursuant to Lien Law § 11. “Pursuant to Lien Law § 11, a party is required to serve a notice of lien on a corporation by one of three specified methods. Strict compliance with the statutory requirements is mandated and the court does not have discretion to excuse *256 noncompliance” (Matter of HMB Acquisition Corp. v F&K Supply, 209 AD2d 412 [2d Dept 1994] [discharging mechanic’s lien as service of the notice of lien on the Secretary of State is not authorized by Lien Law § 11]; see Matter of Hui’s Realty v Transcontinental Constr. Servs., 168 AD2d 302 [1st Dept 1990]; In re Northport Marina Assoc., 146 BR 60, 64 [ED NY 1992]). Lien Law § 11 clearly and unambiguously states that service of the notice of lien may be effectuated by conspicuously affixing a copy of the notice of lien on the property only “if such officer cannot be found within the state” as described in the preceding language of Lien Law § 11, which delineates the officers or agents that may be served. As Mahan has not provided any evidence or even alleged that service of the notice of lien was attempted by any method other than by posting the notice at the property, the service method did not comply with Lien Law § 11. Lien Law § 11 indicates that the “[failure to file proof of such a service with the county clerk within thirty-five days after the notice of lien is filed shall terminate the notice as a lien.” Since Mahan failed to comply with the requirements of Lien Law § 11, Wythe’s motion to discharge the lien is granted (see Lien Law § 11; HMB Acquisition, 209 AD2d at 412).
Mahan’s argument that Wythe waived its defense as to the inadequate service of the notice of lien is unavailing. Although Wythe did not raise the inadequate service as an affirmative defense in its answer, the statute is clear in that the failure to file proof of service of the notice in accordance with Lien Law § 11 “shall terminate the notice as a lien” and “[t]he word ‘shall’ is peremptory and takes all discretion away from this Court” (Northport Marina Assoc., 146 BR at 64; see HMB Acquisition, 209 AD2d at 412; Matter of Hui’s, 168 AD2d at 302). Accordingly, Mahan’s argument that the defense was waived is unavailing.
Mahan also argues that Wythe’s application to discharge the lien should be denied as the application was not personally served upon Mahan as required under Lien Law § 19 (6). Although Lien Law § 19 (6) provides the procedure for the summary discharge of a mechanic’s lien and requires that a petition for discharge be served upon the lienor, this application was brought, and is being considered, in the form of a motion in this action which includes Mahan’s fourth cause of action seeking to foreclose upon the lien. Accordingly, Wythe’s service of the application to discharge the lien upon lienor’s counsel in this matter is sufficient pursuant to CPLR 2103 (b) which provides that *257 “papers to be served upon a party in a pending action shall be served upon the party’s attorney.” Where courts have denied a petitioner’s motion to discharge a lien for improper service upon an attorney pursuant to Lien Law § 19 (6), the court had not yet acquired jurisdiction over the lienors (see Matter of Joseph P. Blitz, Inc. v Di Cesare & Monaco Bldg. Co., 36 Misc 2d 1028, 1030 [Sup Ct, Special Term, Queens County 1962] [holding that “service of the moving papers upon an attorney, without any shown attempt to effect personal service upon the lienor, was insufficient to give this court jurisdiction of this proceeding”]; Application of J.D.H. Bldrs., Inc., 155 NYS2d 121 [Sup Ct, Nassau County, Special Term 1956]). These cases are distinguished from the present action in which the court has jurisdiction over Mahan as Mahan chose to bring this action before this court, appeared by counsel, and submitted opposition to the present motion. Therefore Mahan was not prejudiced by Wythe’s service upon Mahan’s counsel.
Conclusion
Accordingly, Wythe’s motion to discharge Mahan’s lien for $89,700 against 367 Wythe Avenue, Brooklyn, New York 11211 is granted. The Kings County Clerk is directed to discharge the Mahan Construction Corp. mechanic’s lien of $89,700 filed against 367 Wythe Avenue, Brooklyn, New York 11211 on April 16, 2009.