ERNESTO DI PROSPERO et al., Respondents, v R. BROWN & SONS,
INC., Defendant and Third-Party Plaintiff-Appellant, et al.,
Third-Party Defendant.

Third Department, October 10, 1985

### APPEARANCES OF COUNSEL

*Maynard, O'Connor & Smith* (*Richard M. Gershon* of counsel),
for appellant.

*Parisi, De Lorenzo, Gordon, Pasquariello & Weiskopf, P. C.*
(*Edward D. Falso* and *Richard H. Weiskopf* of counsel), for
respondents.

### OPINION OF THE COURT

MAHONEY, P. J.

In June of 1969, plaintiff Ernesto Di Prospero (hereinafter
plaintiff) purchased a 1969 Ford automobile from defendant. On
August 15, 1970, plaintiff was involved in an accident while
operating the vehicle, allegedly sustaining serious physical in-
jury and property damage. In October 1972, plaintiff, directly,
and his wife, derivatively, commenced an action against defen-
dant alleging breach of express and implied warranties. Defen-
dant impleaded Ford Motor Company and plaintiffs then sued
Ford under the same warranty cause of action.[*] Defendant
moved at Special Term for partial summary judgment seeking to
limit plaintiffs' damages to property damage resulting from the

---

[*] Ford Motor Company obtained summary judgment dismissing the com-
plaint as to it on the ground that plaintiffs' breach of warranty action could not
be maintained due to the lack of privity between plaintiffs and Ford. This court
affirmed Special Term (*Di Prospero v Ford Motor Co.*, 87 AD2d 697). Defen-
dant's claim against Ford, however, remains viable (*Di Prospero v Ford Motor
Co.*, 105 AD2d 479).

accident. Special Term denied defendant's motion. This appeal ensued. We affirm.

The sole issue raised on this appeal is whether a party may recover damages for personal injuries when the only cause of action alleges a breach of warranty under the UCC. Defendant contends that plaintiffs' action for breach of warranty is essentially one for breach of contract and that UCC remedies should not be applied to personal injury damages which sound in tort. We disagree. UCC 2-715 (2) specifically states that

"[c]onsequential damages resulting from the seller's breach *include* * * *

"(b) *injury to person or property proximately resulting from any breach of warranty*" (emphasis supplied).

Thus, it is clear that consequential damages under the UCC include personal injury to a buyer proximately resulting from a seller's breach of warranty (*see, McCarthy v Bristol Labs.*, 61 AD2d 196, 200; White and Summers, Uniform Commercial Code §§ 10-4, 11-8, at 396-397, 413-414 [2d ed]). Defendant's reliance on *Martin v Dierck Equip. Co.* (43 NY2d 583) to support its contention that personal injury damages are not recoverable in a warranty cause of action under the UCC is misplaced. *Martin* essentially recognized that when a plaintiff is not in privity with the seller of the product allegedly causing the injuries sustained, he possesses a cause of action in negligence or strict liability in tort, as opposed to what has been labeled breach of warranty (*see, supra,* at pp 589-590). *Martin* also holds that there is no need to recognize an action on implied warranty for personal injuries in a nonprivity situation since strict tort liability enables the injured party to seek redress from any party in the chain of marketable distribution, regardless of the privity requirement (*see also, Heller v U. S. Suzuki Motor Corp.*, 64 NY2d 407, 411).

However, it does not follow that merely because a cause of action exists under strict product liability in tort, a separate cause of action under the warranty provisions of the UCC is precluded. In fact, the Court of Appeals has stated that "[a] consumer who acts within three years of the accident or four years from the date of sale * * * may now maintain causes of action in New York to recover against both immediate and remote parties based on express or implied warranty, negligence or strict products liability" (*Heller v U. S. Suzuki Motor Corp., supra,* at p 412; *see also, Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 106). Further, defendant's reliance upon contractual principles as a basis for limiting personal injury damages is

inapposite since a party is relegated solely to contractual remedies only when the injury can be characterized as purely "economic loss" (*see, Antel Oldsmobile-Cadillac v Sirus Leasing Co.*, 101 AD2d 688, 689). Accordingly, since privity exists between the parties herein, partial summary judgment was properly denied.

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Order affirmed, with costs.