EFH Leasing Corporation, Respondent-Appellant, v Computer Systems of America, Inc., Appellant-Respondent.— Judgment unanimously affirmed, without costs. Memorandum: We reject defendant's contention that plaintiff's actions in reselling the computer equipment and leasing it back on terms different than those provided in the lease to U. S. Steel effected a discharge of defendant's obligation. Defendant was obligated to provide a commitment for a loan with terms consistent with the terms of the lease to U. S. Steel, not to provide financing consistent with the leases plaintiff negotiated with its customers. Defendant has not proven that plaintiff's actions made it impossible or more difficult to obtain financing, as it agreed, consistent with the terms of the lease to U. S. Steel. Moreover, plaintiff's resale and lease back of the Group III-C equipment could not have discharged defendant from its obligation with regard to that equipment since that transaction occurred after defendant had defaulted.

The court's finding that 16½% was the proper rate of interest for permanent financing as of February 26, 1981 was supported by the evidence. The fact that later, on May 12, 1981, financing was available from one prospective lender at an interest rate of 15% is not inconsistent with that finding.

Plaintiff, on its cross appeal, argues that the trial court erroneously refused to award an additional amount for consequential damages. Plaintiff's claim for consequential damages is based upon its contention that it was compelled, because of defendant's default, to accept less advantageous terms from its customer than it could have obtained if defendant had performed its agreement to provide financing. We affirm the denial of consequential damages. Plaintiff has failed to sustain its burden of proving that defendant's default caused it to lose a more advantageous marketing opportunity. It did not prove that defendant's failure to provide financing was the proximate cause of any delay in its search for a customer, nor did

it prove that a customer who would deal on more favorable terms was available earlier. (Appeals from judgment of Supreme Court, Monroe County, Rosenbloom, J.—breach of contract.) Present—Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.