■ CHARLES DRUMMER, Respondent, v VALERON CORP. et al., Appellants, et al., Defendants.—Order unanimously reversed on the law without costs and motion granted. Memorandum: If the complaint is not served with the summons, CPLR 305 (b) requires that it contain a notice stating the nature of the action. Failure to comply with this requirement is a jurisdictional defect mandating dismissal of the action *(Parker v Mack,* 61 NY2d 114, 117). Here, the notice endorsed on the summons stated: "The object of this action is to recover for the acts and omissions of the defendant and its subsidiaries or divisions which were the proximate cause of the injuries and damages sustained by the plaintiff herein." Plaintiff argued and Special Term agreed that the language sufficiently described the nature of the action as being one for negligence. We disagree.

Whereas we have held that a summons noting that the action is for "negligence" complies with the requirement of CPLR 305 (b) *(Rowell v Gould, Inc.,* 124 AD2d 995), the notice here does not inform the defendant that the action is one for negligence. The term "proximate cause" is not an element of negligence only, but is an element of breach of contract *(see, EFH Leasing Corp. v Computer Sys.,* 115 AD2d 312, *lv denied* 67 NY2d 609) and breach of warranty *(Di Prospero v Brown & Sons,* 110 AD2d 250), among other actions. Indeed, a plaintiff may not recover in an action of any nature unless he shows that his injuries were proximately caused by the defendant. Thus, the notice on the summons that plaintiff is seeking to recover for the acts and omissions of defendant, which were the proximate cause of plaintiff's injuries, does nothing to

inform defendant of the nature of the action and, therefore, the action must be dismissed. (Appeals from order of Supreme Court, Onondaga County, Hurlbutt, J.—dismiss action.) Present—Dillon, P. J., Denman, Boomer, Green and Davis, JJ.