■ KEVIN D. BULLIS, Respondent, v AMERICAN MOTORS CORPORATION, a Subsidiary of Chrysler Corporation, Appellant.— Levine, J. Appeal from an order of the Supreme Court (Fischer, J.), entered January 16, 1991 in Broome County, which denied defendant's motion to dismiss the complaint for lack of jurisdiction.

Plaintiff was allegedly injured on December 4, 1987 when he was struck by an automobile designed, manufactured, distributed and/or sold by defendant. On December 3, 1990, plaintiff

sought to commence an action against defendant by service of a summons with notice. Thereafter, defendant moved to dismiss for lack of personal jurisdiction, claiming that the notice failed to adequately set forth the nature of the action. Supreme Court denied the motion and this appeal followed.

There should be an affirmance. CPLR 305 (b) provides in relevant part that "[i]f the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought". The purpose of the CPLR 305 (b) notice is to provide the defendant with " 'at least basic information concerning the nature of [the] plaintiff's claim and the relief sought' " (Parker v Mack, 61 NY2d 114, 117, quoting 23d Ann Report of NY Jud Conf, at 273). Here, the notice stated, "The nature of this action is personal injury proximately caused by a defective product. The relief sought is money damages." Under the circumstances of this case, it is our view that this description was clearly sufficient to apprise defendant of the nature of plaintiff's action (see, Rowell v Gould, Inc., 124 AD2d 995, 996; Esposito v Billings, 103 AD2d 956; Skidmore v Carr, 89 AD2d 600, 601; cf., Drummer v Valeron Corp., 154 AD2d 897, lv denied 75 NY2d 705). A liberal construction of the statutory requirement of the contents of the notice accompanying a summons served without a complaint is consistent with the general policy of the CPLR (see, CPLR 104). Defendant's contention that plaintiff was required to specifically state his theory of recovery is unavailing since "absolute precision is not necessary" (Viscosi v Merritt, 125 AD2d 814).

Mahoney, P. J., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.