■ BANK LEUMI TRUST COMPANY OF NEW YORK, Respondent, v RYDER CONSTRUCTION INCORPORATED, Appellant, and ELIE HIRSCHFELD, Respondent, et al., Defendants. [594 NYS2d 242] — Order, Supreme Court, New York County (Burton S. Sherman, J.), entered April 29, 1992, which, *inter alia,* granted plaintiff's motion for summary judgment dismissing defendant Ryder's counterclaims and affirmative defenses, unanimously affirmed, without costs.

We agree with the IAS Court that Lien Law § 11, in effect at the time in question, required an attempt at personal service of the mechanic's lien before resort to other methods of service provided therein. Since defendant Ryder admittedly never made an attempt at personal service, its lien is a nullity and is not superior to any of the mortgages held by plaintiff Bank *(see, Murphy Constr. Corp. v Morrissey,* 168 AD2d 877; *Matter of Hui's Realty v Transcontinental Constr. Servs.,* 168 AD2d 302, *lv denied* 77 NY2d 810). Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Rubin, JJ.

■ RICHARD E. PILLA, Respondent, v LA FLOR DE MAYO EXPRESS, INC., et al., Appellants. [595 NYS2d 678] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered July 9, 1992, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8), unanimously affirmed, without costs.

The requirements of CPLR 305 (b) were complied with in the instant case. While the words "personal injury" may not apprise the defendants of the precise legal theory behind plaintiff's case, they adequately apprise defendants of the "nature of the action" at this stage of the litigation *(cf., Drummer v Valeron Corp.,* 154 AD2d 897, *lv denied* 75 NY2d 705). Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Rubin, JJ.