■ SUZANNE FITZPATRICK, Respondent, v MARTIN SLAGOWITZ et al., Appellants. [607 NYS2d 973] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), dated December 16, 1991, as denied that branch of their motion which was to dismiss the plaintiff's second cause of action, and granted those branches of the plaintiff's cross motion which were to strike the affirmative defenses of lack of personal jurisdiction and that the action was barred by the Statute of Limitations, and which were for leave to serve an amended summons with notice.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that the summons with notice served by the plaintiff pursuant to CPLR 305 (b), which stated that the plaintiff sought to "[r]ecover money damages for personal injuries, medical expenses and lost earnings sustained as a result of defendants' negligence on July 21, 1990 on the premises of the defendant's sailboat, 'Equinox' ", sufficiently set forth the nature of the action. The plaintiff's failure to also set forth in the notice an additional theory of assault and battery arising from the same incident was not a jurisdictional defect since the verified complaint alleging the assault and battery was served within one year of the incident

(see, *Pilla v La Flor De Mayo Express,* 191 AD2d 224; *Bullis v American Motors Corp.,* 175 AD2d 535). Since the record contains no evidence of prejudice to the defendants, the court acted within its discretion in allowing the plaintiff to amend her summons with notice so as to set forth the theory of assault and battery (see, CPLR 305 [c]). Moreover, the court correctly struck the defendants' fourth and fifth affirmative defenses. Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.