■ DIANE CLARK, by JOHN CLARK, Her Attorney-in-Fact, Respondent, v MEDICAL COLLEGE PHYSICIANS GROUP et al., Appellants, et al., Defendant. [664 NYS2d 369] —Yesawich Jr., J. Appeals from an order and an amended order of the Supreme Court (Harris, J.), entered June 26, 1996 and June 28, 1996 in Albany County, which denied certain defendants' motions for summary judgment dismissing the complaint against them.

From 1986 until February 1989, plaintiff was treated by defendants Peter Koltai and Steven Parnes, otolaryngologists, for chronic and repetitive ear infections and cholesteatoma (an abnormal growth of skin cells in the ear which, *inter alia*, increases the likelihood of infection). During this period she underwent two operations at defendant Albany Medical Center Hospital (hereinafter AMCH).

On August 9, 1988, plaintiff's mother took her to Champlain Valley Physicians' Hospital (hereinafter CVPH), where a psychiatric evaluation revealed that the odd behavior plaintiff had

been exhibiting was symptomatic of a bipolar disorder. She was admitted to the facility and thereafter received treatment for this condition from defendants Adam J. Krakowski and John Barteaux, psychiatrists. During plaintiff's 17-day stay at CVPH, Krakowski twice requested that she be seen by defendant Duck J. Kim, a staff otolaryngologist, once for pain in the right side of her neck, and two days later because her left ear was draining. On the second occasion, Kim prescribed topical and systemic antibiotics for an infection in plaintiff's left mastoid cavity.

In March 1989, plaintiff consulted another physician, upon whose recommendation she had further ear surgery. During this surgery, it was discovered that plaintiff had an epidural abcess, which was believed to be linked to the persistent infection in her left ear. Plaintiff's psychiatric problems also continued, and as of July 1989, she was unable to continue in her former employment as an attorney and was voluntarily committed to St. Lawrence Psychiatric Center. Plaintiff's father has commenced two medical malpractice actions—later joined—on her behalf, seeking damages for defendants' alleged negligence in failing to properly and timely examine, diagnose and treat her ear problems, which plaintiff contends resulted in, *inter alia*, the development of an epidural abcess, brain tissue erosion, hearing loss, nerve destruction, depression, bipolar disorder and schizophrenia.

After issue was joined and some discovery conducted, all defendants, with the exception of defendant Medical College Physicians Group (an entity in which Koltai and Parnes were evidently partners), moved for summary judgment. Supreme Court, finding that plaintiff's opposition papers raised questions of fact regarding whether each of defendants had deviated from an acceptable standard of care, denied all of the motions. Parnes, Koltai, AMCH, Kim, Krakowski and Barteaux (hereinafter collectively referred to as defendants) appeal.

Defendants argue primarily that plaintiff has failed to come forth with any proof that their actions caused or exacerbated her bipolar disorder. We disagree, for the affidavit of plaintiff's board-certified psychiatrist, when viewed in the most favorable light, is sufficient to raise a question as to whether the stresses associated with her ongoing ear condition may have triggered or aggravated her bipolar disorder, an assessment that appears to be within the area of a psychiatrist's expertise. Significantly, that expert's opinion, though expressed in somewhat equivocal language (i.e., "may have been"), is " 'fortified by [a] detailed explanation' " of its scientific basis, " 'which

add[s] to its reasonableness and probable correctness' " (*Matter of Miller v National Cabinet Co.*, 8 NY2d 277, 282, quoting *Matter of Zaepfel v E. I. du Pont de Nemours & Co.*, 284 App Div 693, 696, *affd* 309 NY 962), removing it from the realm of mere speculation (*see, id.*; *see also, Romano v Stanley*, 90 NY2d 444, 451-452).

Nevertheless, there is no basis for concluding that the actions of Krakowski, Barteaux or Kim, each of whom treated plaintiff after her bipolar disorder had already become manifest, could have triggered or activated that disorder in the first instance. These defendants should therefore have been granted partial summary judgment, dismissing so much of plaintiff's complaint against them as alleges that their malpractice caused—as opposed to exacerbated—her bipolar disorder.

As for the remainder of plaintiff's claims against Krakowski and Barteaux, factual questions clearly exist with respect to whether those defendants breached their duty to plaintiff by failing to direct that she be seen by an otolaryngologist immediately upon her admission to CVPH, failing to order additional consultations during her stay, or failing to inform her of the need to obtain prompt follow-up care after leaving the hospital. And, defendants' contrary urgings notwithstanding, we are of the view that the averments of plaintiff's experts could warrant an inference that these derelictions—if they are proven to be such—delayed the diagnosis of plaintiff's epidural abcess, and as a result may have affected the course and severity of her ailment.

As for the other defendants, AMCH, which maintains that Koltai and Parnes were at no relevant time acting as its employees or agents such that it could be held vicariously liable for their negligence, has tendered no proof demonstrating, prima facie, its right to judgment on this basis (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Nor do the deposition excerpts relied upon by defendants show, unequivocally, the absence of any relationship upon which vicarious liability might be grounded (*see, Augeri v Massoff*, 134 AD2d 308, 309).

Furthermore, as previously noted, the affidavit of plaintiff's psychiatric expert, though not expressing an apodictic conviction that her bipolar disorder was caused by the alleged malpractice of Koltai and Parnes, at least raises a colorable issue of fact as to whether those defendants' actions or omissions played a part in precipitating that disorder (*see, Matter of Miller v National Cabinet Co.*, 8 NY2d 277, 282, *supra*; *cf., Matott v Ward*, 48 NY2d 455, 461; *Hughes v Temple*, 187 AD2d

956) or exacerbating it, so as to preclude summary judgment in their favor at this time.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the order and amended order are modified, on the law, without costs, to the extent that the motion of defendants Adam J. Krakowski, John Barteaux and Duck J. Kim for summary judgment dismissing the complaint against them is granted insofar as it sought dismissal of plaintiff's claims that their malpractice triggered her bipolar disorder; partial summary judgment awarded to said defendants and that aspect of the complaint is dismissed against them; and, as so modified, affirmed.