■ FRANK P. LANG, SR., as Administrator of the Estate of BRIAN S. LANG, Deceased, Respondent, v FRANK W. BOUJU et al., Appellants. [667 NYS2d 440] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Pulver, Jr., J.), entered September 20, 1996 in Greene County, upon a verdict rendered in favor of plaintiff.

This action arises out of an accident in which a motorcycle operated by plaintiff's decedent, Brian S. Lang, collided with a pickup truck operated by defendant Frank W. Bouju. Immediately prior to the collision, Bouju, who was in the process of making a left turn into a parking lot, drove his vehicle approximately four feet across the double yellow line, into the lane of oncoming traffic, and was looking for a vacant parking spot when, noticing movement in his peripheral vision, he turned his head and saw Lang in the oncoming lane, approaching from 150 to 200 feet away. Bouju stopped his truck and, in the ensuing several seconds, saw smoke coming from Lang's rear tire, after which the motorcycle went down on its side, with Lang still aboard, and then slid into the front bumper of the truck. Lang died on impact from a broken neck.

A trial was held, at the close of which the jury returned a verdict finding Bouju 72% liable for the collision and Lang 28%

liable. Plaintiff—Lang's father, in his capacity as the administrator of his son's estate—was awarded, *inter alia*, $239,125 for Lang's conscious pain and suffering, as well as $250,000, apportioned equally between himself and Lang's mother, for the pecuniary loss they would bear as a result of their son's wrongful death. Defendants' posttrial motion to set aside the verdict or, in the alternative, to reduce these aspects of the damage award, was denied and this appeal followed.

Defendants maintain that Supreme Court erred in refusing to set aside the portion of the verdict awarding damages for Lang's pain and suffering because there was no evidence that he sustained any physical injury before the collision, and no basis for concluding that he experienced "preimpact terror". We disagree. A reasonable factfinder could infer, from the fact that Lang applied his brakes as he did, that he had indeed seen Bouju's truck and was aware of the likelihood—and ultimately the certainty—of a serious collision, during the approximately five seconds preceding impact (*cf., Cadieux v D.B. Interiors*, 214 AD2d 323, 324). In this regard, it is immaterial whether Lang deliberately caused his motorcycle to go onto its side or simply applied his brakes with excessive force, for it is inferable from either maneuver that Lang had become aware of the imminent danger confronting him. In view of his speed and proximity to the truck when this occurred, and his inability to control the motorcycle as it proceeded toward the truck, it was not unreasonable for the jury to find that, at some point prior to impact, Lang perceived the inevitable, that he was going to endure grave injury or death, so as to justify making an award for this "preimpact terror" (*see, Torelli v City of New York*, 176 AD2d 119, 123-124, *lv denied* 79 NY2d 754; *Stein v Lebowitz-Pine View Hotel*, 111 AD2d 572, 573, *lv denied* 65 NY2d 611; *compare, Martin v Reedy*, 194 AD2d 255, 259; *Anderson v Rowe*, 73 AD2d 1030, 1031).

Given the extremely short period of time during which Lang could have experienced this emotional injury, however (*compare, Higgins v State of New York*, 192 AD2d 821, 822), and the absence of proof that he sustained any bodily injury or significant physical pain prior to his death (*compare, Torelli v City of New York, supra*, at 124; *De Long v County of Erie*, 89 AD2d 376, 379, 385, *affd* 60 NY2d 296), the award of $239,125 is excessive. In our judgment, a recovery of $100,000 would constitute ample compensation for Lang's brief emotional pain and suffering (*see, Donofrio v Montalbano*, 240 AD2d 617, 618-619; *Dontas v City of New York*, 183 AD2d 868, 869). Accordingly, this aspect of the verdict is reversed, and a new trial

ordered, unless plaintiff stipulates to a reduced verdict in this amount.

Defendants' remaining contention, that the wrongful death awards are excessive, is unpersuasive. The record is replete with evidence of the many ways in which Lang—who was 22 years old, lived at his parents' home and worked full time as a carpenter—provided economic assistance to his family. In addition to making direct financial contributions of $50 per week, he also shared the out-of-pocket expenses incurred in pursuing their modest agricultural activities (including a small haying operation and maintenance of livestock) and provided a significant amount of labor. In this respect, he not only assisted with the farm chores, maintained all of the vehicles and farm machinery, and helped with landscaping and snow removal on a regular basis, but he had also made several improvements to his parents' properties, including construction of a deck and a tool shed, and helped with the renovation of a single-family home into two apartments. There was no indication that Lang harbored any intention to move out of his parents' home (not insignificantly, each of plaintiff's four older children continues to reside on or within several miles of the family homestead), or to change this pattern of helpfulness. Moreover, as the evidence suggests that Lang planned to go into the farming business with plaintiff, it was not unreasonable for the jury to infer that he would stay in the area and continue providing for his parents in the future (*cf., Franchell v Sims*, 73 AD2d 1, 5). In these circumstances, we are not inclined to say that the award of $250,000 "deviates materially from what would be reasonable compensation" for the loss of Lang's services (CPLR 5501 [c]; *see, Marigliano v City of New York*, 196 AD2d 533, 536-537; *James v Eber Bros. Wine & Liq. Corp.*, 153 AD2d 329, 334, *lv denied* 75 NY2d 711).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, and a new trial ordered as to the issue of damages for decedent's conscious pain and suffering only, unless, within 20 days after service of a copy of this decision with notice of entry, the parties stipulate to reduce the amount of the award for said damages to $100,000, in which event the judgment, as so reduced, is affirmed.