OPINION OF THE COURT
Charles J. Thomas, J.
*278 Motion by defendants for an order (1) dismissing the second cause of action to foreclose on a mechanic’s lien; (2) declaring that the lien has terminated; (3) directing the Clerk of the Court to cancel the lis pendens; and (4) dismissing with prejudice the complaint against Transportation Displays, Inc.
On August 21, 1996, plaintiff filed a notice of mechanic’s lien against the property situated at Block 2575, Lot 160, in the County of Queens, known as 49-29 Maspeth Avenue, Maspeth, New York. The notice of lien was filed against the interest of defendant Transportation Displays, Inc., as owner, and defendant Gateway Demolition Corp., as the general contractor. Plaintiff served the notice of lien on the defendants on August 21, 1996 by certified mail, return receipt requested, and filed proof of service on September 4, 1996. Plaintiff commenced the within action and filed a notice of pendency on August 20,1997.
Contrary to defendants’ assertions, the current provisions of Lien Law § 11 do not require an attempt at personal service of the mechanic’s lien, before resorting to service by registered or certified mail addressed to the corporation’s last known address (see, 8 Warren’s Weed, New York Real Property, Mechanics’ Liens, § 3.03 [4th ed 1998]; cf., Bank Leumi Trust Co. v Ryder Constr., 191 AD2d 224 [prior provision of Lien Law § 11 required an attempt at personal service before resorting to other methods of service]). Plaintiff herein served the notice of lien on the defendants by certified mail, return receipt requested. While Lien Law § 11 does not provide for the use of return receipt requested, this is an additional service provided by the post office for mail classified as certified, and provides evidence to the mailer that an article has been received at the delivery address (39 CFR part 3001, subpart C, appendix A, § 16.010). Certified mail is delivered to the addressee, or “[i]f the initial attempt to delivery mail is not successful, a notice of arrival is left at the mailing address” (39 CFR part 3001, subpart C, appendix A, § 5.023). Return receipt service provides the mailer with a “signature of the addressee or addressee’s agent, the date delivered, and the address of delivery, if different from the address on the mailpiece” (39 CFR part 3001, subpart C, appendix A, § 16.0211). Certified mail, return receipt requested, thus restricts delivery of a letter, in a manner not provided for by Lien Law § 11. The additional use of return receipt service, however, would not deprive the owner herein of timely notice of the lien (cf., Hsu v Emerson Collision, 126 Misc 2d 385). The court, therefore, finds that plaintiff properly served defendants with notice of the hen, pursuant to Lien Law § 11.
*279 The notice of pendency filed on August 20, 1997 failed to set forth the time of filing of the notice of lien, as required by Lien Law § 17. The notice of pendency, therefore, is defective on its face and a corrected notice of pendency may not be filed nunc pro tunc (see, 8 Warren’s Weed, New York Real Property, Mechanics’ Liens, § 3.05 [4] [c] [i], [ii] [4th ed 1998]; see generally, Paolangeli v Sopp, 145 Misc 2d 259). The notice of pendency, therefore, is cancelled and the Clerk of the Court is directed to discharge the mechanic’s lien.
Defendants’ request to dismiss the second cause of action is granted, and the complaint is dismissed as to Transportation Displays, Inc.