■ Douglas Darrow et al., Respondents, v Robert J. Krzys, Appellant. [689 NYS2d 773] —Mikoll, J. P. Appeal from an order of the Supreme Court (Best, J.), entered March 16, 1998 and April 17, 1998 in Montgomery County, which, *inter alia*, denied defendant's motion to dismiss plaintiffs' complaint.

The only issue on this appeal is whether plaintiffs' summons with notice, which stated that the nature of the action is "negligence of [d]efendant resulting in personal injury and loss of spousal services" and specified the dollar amount of the damages to be recovered, complies with the notice requirement of CPLR 305 (b). "A liberal construction of the statutory requirement of the contents of the notice accompanying a summons served without a complaint is consistent with the general policy of the CPLR" (*Bullis v American Motors Corp.*, 175 AD2d 535, 536). Thus, we have found a notice sufficient to comply with CPLR 305 (b) even though it was "more cryptic than we would desire" (*Town of Esopus v Simoes & Assocs.*, 145 AD2d 840, 841). "Absolute precision is not necessary" (*Clark v City of Ithaca*, 235 AD2d 746, 748) if the notice provides the defendant with " ' "basic information concerning the nature of [the] plaintiff's claim and the relief sought" ' " (*Viscosi v Merritt*, 125 AD2d 814). We conclude that the notice in this case provided the necessary basic information and complied with CPLR 305 (b) (*compare, Pilla v La Flor De Mayo Express*, 191 AD2d 224; *Rowell v Gould, Inc.*, 124 AD2d 995, *with Scaringi v Broome Realty Corp.*, 191 AD2d 223).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.