■ WILLIAM HALLAHAN et al., Respondents, v ASHLAND CHEMICAL COMPANY et al., Appellants, et al., Defendants. [699 NYS2d 612] —Mercure, J. P. Appeal from an order of the Supreme Court (Keniry, J.), entered July 14, 1998 in Saratoga County, which denied certain defendants' motion for summary judgment dismissing the complaint against them.

Plaintiff William Hallahan (hereinafter plaintiff) suffers from chronic myelogenous leukemia (hereinafter CML), alternatively referred to as chronic granulocytic leukemia or CGL. Asserting that the disease was caused by plaintiff's exposure to various chemicals at his workplace, a Ball Metal Container Group facility in the City of Saratoga Springs, Saratoga County, plaintiffs commenced this action against various suppliers of chemicals and machinery used at the facility. Following joinder of issue, some discovery and the defeat of certain defendants' efforts to depose plaintiffs' experts, physician Stewart Silvers and chemist Harold Zeliger (*see*, 237 AD2d 697), defendants Ashland Chemical Company, BASF Corporation, The Glidden Company, Inmont Corporation, PPG Industries, Inc., SCM Corporation, Cook Paint and Varnish Company, and Lilly Industrial Coatings, Inc. (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint against them upon the ground that there is no known association between CML and any of the chemicals contained in any of the products supplied by defendants to Ball. Supreme Court denied the motion and defendants appeal.

We affirm. The essence of defendants' argument on appeal is that the affidavits of plaintiffs' experts failed to raise a genuine issue of fact because they were based on evidence that has no basis in scientific fact. Inherent in that argument is the

premise that a published study* relating benzene exposure to acute myeloid leukemia (AML) and other lymphohematopoietic malignancies and solid tumors fails to support Silvers' opinion that plaintiff's exposure to benzene and ethylene glycol monobutyl ether was a substantial contributing cause of his CML. We disagree. Although the study noted "nonsignificant excesses" for CML, it goes on to state that it "found a suggestive increase in CML, which has been reported in varying frequencies among earlier series of benzene-exposed cases" and summarized that "this study of benzene-exposed workers in China provides further support for the association of benzene exposure with an increased risk for myelogenous leukemia. The risk was strongest for AML, but an excess of CML was also noted."

We conclude that Silvers' affidavit, premised upon his knowledge and experience as a board-certified hematologist and internist specializing in hematology and oncology, his status as plaintiff's treating physician and the results of the "China study", and expressing the opinion that benzene exposure produced an increased risk of developing myelogenous leukemia, including CML, transcended "the realm of mere speculation" (*Clark v Medical Coll. Physicians Group*, 244 AD2d 599, 601; *see, Hawkey v Jefferson Motors*, 245 AD2d 785, 786; *cf., Romano v Stanley*, 90 NY2d 444, 451-452) and was sufficient to raise a genuine factual issue as to the cause of plaintiff's disease (*see, Clark v Medical Coll. Physicians Group*, *supra*, at 600-601).

Defendants' additional contentions have been considered and found to be unavailing.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

* Song-Nian Yin et al., *A Cohort Study of Cancer Among Benzene-Exposed Workers in China: Overall Results*, American Journal of Industrial Medicine 29:227-235 (1996).