Ugo SKUBIKOWSKI, as Administrator of the Estate of Matteo Baumgarten; Sara Pounds, as Administratrix of the Estate of Marija Udzenija, Deceased; Vanessa Ortega; and Ricky E. Larose, Plaintiffs,

v.

Annamarie MORENA; Giuseppe Morena; and Shelter Homes, Limited, Defendants.

Annamarie Morena and Giuseppe Morena, Third-party plaintiffs,

v.

James Grant King, Third-party defendant.

James Grant King, Counter-claimant.

No. 97–CV–1331(LEK/RWS).

United States District Court, N.D. New York.

Jan. 10, 2000.

### MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

This case is a wrongful death action arising out of an automobile accident. Presently before the Court is plaintiff King's motion for summary judgment. For the reasons set forth below, that motion is denied.

## I. BACKGROUND

On October 18, 1995, defendant Annamarie Morena was driving southbound on I–87 in a car owned by her father, defendant Guiseppe Morena, with two passengers: Vanessa Ortega and Marija Udzenija. At approximately 4:35 p.m., defendant Morena was in the far left lane and attempted to cross to the center lane. Defendant King was approximately 200 to 300 yards behind defendant Morena in the center lane, and did not permit her to enter the center lane. Defendant Morena swerved back into the left lane, but lost control of her car, which crossed the meridian and became airborne. The Morena car struck a tractor trailer in one of the northbound lanes. As a result of the accident, Ms. Udzenija died and Ms. Ortega was injured.

Plaintiff Pounds, acting as administratrix of Udzenija's estate, commenced this action, alleging causes of action for wrongful death and conscious pain and suffering.

## II. ANALYSIS

### A. Standard for Summary Judgment

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is genuinely disputed only if, based on that fact, a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, all evidence must be viewed and all inferences must be drawn in the light most favorable to the nonmoving party. *City of Yonkers v. Otis Elevator Co.,* 844 F.2d 42, 45 (2d Cir.1988).

The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Upon the movant's satisfying that burden, the onus then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), "but must set forth specific facts showing that there is a genuine issue of fact for trial." *First Nat'l Bank of Az. v. Cities Serv. Co.,* 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). Summary judgment is usually unwarranted when the defendant's state of mind is at issue. *Clements v. Nassau County,* 835 F.2d 1000, 1005 (2d Cir.1987). In order to raise a fact issue regarding state of mind, however, there must be solid circumstantial evidence to prove plaintiff's case. *Id.* "Mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." *Cifarelli v. Village of Babylon,* 93 F.3d 47, 51 (2d Cir.1996).

## B. Defendant King's Motion

### 1. Causation

Defendant King asserts that the Amended Complaint, which named him as a defendant, fails to allege that his refusal to yield was a proximate cause of Udzenija's death, and the wrongful death action against him should be dismissed. The Amended Complaint, however, does note his failure to yield, see Amended Complaint filed October 10, 1997 ("Amended Complaint"), ¶ 13, and states that "[b]y reason of the foregoing, the decedent Marija Udzenija was injured and died." *See* Amended Complaint, ¶ 16. Plaintiff Pounds therefore did allege the necessary elements for negligence against defendant King in the Amended Complaint.

### 2. Preclusion

■ In his motion papers, defendant King also seeks to prevent plaintiff Pounds from introducing at trial any evidence regarding issues which were the subject of his interrogatories served on plaintiff Pounds based upon plaintiff Pounds' untimely response to defendant King's interrogatories. Discovery in this matter closed on October 15, 1998, and plaintiff Pounds did not respond until December 21, 1998. Plaintiff Pounds admits that this omission arose due to "oversight," but offers no further explanation. Nevertheless, within two days of notice of the failure to respond, plaintiff Pounds did serve responses. The Court is also impressed by the fact that no other similar omissions mar the discovery process in this case. Defendant's efforts to exclude evidence at trial on issues addressed in the interrogatories is therefore denied.

Nevertheless, it is conceivable that defendant King could be prejudiced since discovery has closed and he is technically limited to the current responses. If, following a review of plaintiff's responses, defendant King determines that further discovery is necessary to clarify or amplify certain points, then such discovery will be permitted.

### 3. Conscious Pain and Suffering

■ Defendant King also contends that plaintiff Pound's claim for conscious pain and suffering should be dismissed. The accident occurred at 4:35 p.m., and Udzenija was pronounced dead at 6:08 p.m. that same day. Defendant King contends that absent evidence of consciousness, the conscious pain

and suffering claim must fail. Under New York's conscious pain and suffering doctrine, however, plaintiff Pounds could recover for any pre-impact terror experienced by Udzenija. *See Lang v. Bouju,* 245 A.D.2d 1000, 667 N.Y.S.2d 440 (3d Dep't 1997). As the Morena car sailed over the Meridian into the oncoming tractor trailer, a jury could reasonably infer Udzenija experienced compensable terror. The duration within which the decedent could have experienced any pre-impact terror may have been extremely limited and recovery could therefore be minimal, but sufficient facts remain in dispute that preclude summary judgment on this claim.

#### 4. Negligence

The papers in this case are rife with disputes over what actually happened on the day tragedy unfolded on I–87. For example, Ms. Morena testified in her deposition that the vehicle behind her in the center lane was a car, but defendant King stresses that he was driving a Toyota T–100 pick-up truck and contends that the vehicle which prevented Morena from merging was located in front of him. Morena also claims the vehicle in the center lane "zoomed" up on her; King maintains that he continued at a constant speed. There are similar disputes in the motion papers, and all raise factual issues properly before a jury that preclude summary judgment.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that defendant King's motion for summary judgment is DENIED; and it is

FURTHER ORDERED that the Clerk of the Court serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.