■ ANTHONY GRACE et al., Appellants, v BAY CRANE SERVICE OF LONG ISLAND, INC., et al., Respondents. [785 NYS2d 472]—

In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Jones, J.) dated December 16, 2003, which granted the separate motions of the defendants Bay Crane Service of Long Island, Inc., Tritec Building Co., Inc., and American Welding Co., Inc., to dismiss the action insofar as asserted against each of them for failure to comply with CPLR 305 (b), and (2) an order of the same court dated May 11, 2004, which granted the motion of the defendants Vulcan Iron Works, Inc., and Island Steel and Detailing Corporation, to dismiss the action insofar as asserted against them on the same ground.

Ordered that the orders are reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motions are denied.

CPLR 305 (b) provides, in relevant part, that when a summons is served without a complaint, the summons shall contain "a notice stating the nature of the action and the relief sought, and . . . the sum of money for which judgment may be taken in case of default." In this case, the plaintiffs' summons contained the following notice: "TAKE NOTICE that this is a personal injury action for damages amounting to THREE MILLION and 00/100 ($3,000,000) DOLLARS. In case of your failure to appear, judgment may be taken against you by default in the sum of THREE MILLION and 00/100 ($3,000,000) DOLLARS, with interest, plus the costs and disbursements of this action." Contrary to the conclusion of the Supreme Court, the above notice complied with statutory requirements and adequately apprised the defendants of the nature of the action at this stage of the litigation (*see Andrulis v Fox,* 284 AD2d 1006 [2001]; *Bergman v Slater,* 202 AD2d 971 [1994]; *Pilla v La Flor De Mayo Express,* 191 AD2d 224 [1993]; *Bullis v American Motors Corp.,* 175 AD2d 535 [1991]). Ritter, J.P., S. Miller, Goldstein and Mastro, JJ., concur.