■ JUAN CARLOS TELLO, Respondent, v MENTAL HEALTH ASSOCIATION OF WESTCHESTER, INC., Also Known as MENTAL HEALTH ASSOCIATION OF WESTCHESTER COUNTY, Appellant, et al., Defendant. [859 NYS2d 474]—

In an action to recover damages for personal injuries, the defendant Mental Health Association of Westchester, Inc., also known as Mental Health Association of Westchester County, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered October 25, 2007, as denied its motion to dismiss the complaint pursuant to CPLR 305 (b) and, in effect, pursuant to CPLR 3211 (a) (7) and (8).

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 305 (b) provides in relevant part that when a summons is served without a complaint, the summons shall contain "a notice stating the nature of the action and the relief sought." Here, the plaintiff's summons contained the following notice: "PLEASE TAKE NOTICE that the nature of this action alleges causes of action sounding in tort/negligence in connection with injuries sustained by Decedent Juan Carlos Tello, Jr., resulting in his death on or about November 19, 2003 as a result of Defendant's negligence in its failure to adequately care, supervise and treat Decedent after his release and/or discharge from the Westchester Medical Center on or about November 7, 2003. The relief sought is money damages."

Contrary to the appellant's contention, the language in this summons with notice adequately provided notice that the plaintiff's claim was to recover damages for personal injuries, including conscious pain and suffering (*see e.g. Grace v Bay Crane Serv. of Long Is., Inc.*, 12 AD3d 566 [2004]; *Fitzpatrick v Slagowitz*, 201 AD2d 614 [1994]), and did not limit the plaintiff to a wrongful death cause of action, which would have been time-barred by the time the plaintiff initiated this suit (*see* EPTL 5-4.1). Santucci, J.P., Covello, Belen and Chambers, JJ., concur.