In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff Arlene Stolarski appeals from so much of a judgment of the Supreme Court, Westchester County (Giacomo, J.), entered October 26, 2011, as, upon an order of the same court dated September 21, 2011, granting that branch of the defendant’s motion which was to dismiss the cause of action to recover damages for conscious pain and suffering, is in favor of the defendant and against her dismissing that cause of action.
*981 Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the defendant’s motion which was to dismiss the cause of action to recover damages for conscious pain and suffering is denied, that cause of action is reinstated, the order is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on that cause of action.
On October 15, 2005, the decedent, despondent over her breakup with her boyfriend, took an overdose of prescription medication in an apparent suicide attempt (see Stolarski v DeSimone, 83 AD3d 1042, 1043 [2011]). After she was hospitalized, she was referred to the defendant Family Services of Westchester, Inc. (hereinafter Family Services), for further treatment. The decedent had consultations with a social worker at Family Services on October 19, 2005, and October 26, 2005. Two days later, on October 28, 2008, the decedent shot herself in the head with her boyfriend’s pistol, resulting in her death.
The administrator of the decedent’s estate commenced this action against Family Services, alleging, in pertinent part, that Family Services’ alleged negligence in treating the decedent’s depression from October 19, 2005, until the date of her death on October 28, 2005, caused the decedent conscious pain and suffering. On the eve of trial, prior to the submission of any evidence, Family Services moved to dismiss the complaint for failure to state a cause of action, arguing that the plaintiff could not recover damages in a wrongful death action for any conscious pain and suffering the decedent may have experienced prior to fatally shooting herself. In opposition, the plaintiff contended that she was entitled pursuant to EPTL 11-3.2 (b) to seek damages for the conscious pain and suffering the decedent experienced due to Family Services’ alleged failure to provide her with proper psychological evaluation and treatment from October 19, 2005, up until the date of her death. At oral argument on the motion, the trial court indicated that while the decedent could have recovered damages for pain and suffering caused by Family Services’ failure to properly treat her depression had she not committed suicide, such damages could not be recovered in a wrongful death action. The trial court subsequently granted that branch of the motion which was to dismiss the cause of action to recover damages for conscious pain and suffering, inter alia, on the grounds that the decedent’s depression already existed on October 19, 2005, when the decedent sought treatment from Family Services, and there was no evidence that Family Services caused it (see Stolarski v Family Servs. of Westchester, Inc., 33 Misc 3d 607 [2011]).
*982 A motion to dismiss the complaint for failure to state a cause of action may be made at any time (see Butler v Catinella, 58 AD3d 145, 151 [2008]), even during trial (see e.g. Beshay v Eberhart L.P. #1, 69 AD3d 779, 781 [2010]). However, when dismissal is sought for failure to state a cause of action, “the court will ‘accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory’ ” (Nonnon v City of New York, 9 NY3d 825, 827 [2007], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Farber v Breslin, 47 AD3d 873, 876 [2008]). Here, the complaint sought damages for conscious pain and suffering arising from Family Services’ alleged negligence in treating the decedent’s depression during the period between October 19, 2005, and the time of her death about 10 days later. That cause of action states a cognizable legal theory sounding in professional malpractice (see O’Sullivan v Presbyterian Hosp. in City of N.Y. at Columbia Presbyt. Med. Ctr., 217 AD2d 98, 101 [1995]; see also Mehra v Nayak, 103 AD3d 857, 859 [2013]; Tello v Mental Health Assn. of Westchester, Inc., 52 AD3d 499, 500 [2008]).
Further, EPTL 11-3.2 (b), referred to as the “survival statute” (Heslin v County of Greene, 14 NY3d 67, 73 [2010]), provides that “[n]o cause of action for injury to person ... is lost because of the death of the person in whose favor the cause of action existed.” A cause of action based on personal injuries which survives the death of the decedent is distinct from a cause of action to recover damages for wrongful death (see Heslin v County of Greene, 14 NY3d at 76-77; McDaniel v Clarkstown Cent. School Dist. No. 1, 110 AD2d 349, 351 [1985]). Accordingly, the cause of action to recover damages for conscious pain and suffering predicated on alleged acts of professional malpractice committed between October 19, 2005, and October 28, 2005, survived the decedent’s death, and damages for such pain and suffering may be recoverable by her estate (see Cragg v Allstate Indem. Corp., 17 NY3d 118, 121 [2011]). Contrary to the Supreme Court’s determination, the fact that the decedent’s depression was pre-existing does not preclude the plaintiff from attempting to prove her entitlement to damages on the theory that the decedent’s condition was exacerbated by Family Services’ alleged failure to provide proper treatment (see Clark v Medical Coll. Physicians Group, 244 AD2d 599, 600-601 [1997]).
The parties’ remaining contentions either are without merit or need not be addressed in light of our determination. Mastro, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur. [Prior Case History: 33 Misc 3d 607.]